J-S12038-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| VINCENT ROMEO, | : | |
| | : | |
| Appellant | : | No.  1697 EDA 2015 |

Appeal from the Judgment of Sentence May 6, 2015,
in the Court of Common Pleas of Delaware County,
Criminal Division, at No(s): CP-23-CR-0004247-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| VINCENT ROMEO, | : | |
| | : | |
| Appellant | : | No.  1699 EDA 2015 |

Appeal from the Judgment of Sentence May 6, 2015,
in the Court of Common Pleas of Delaware County,
Criminal Division, at No(s): CP-23-CR-0005445-2013

BEFORE:   MUNDY, OLSON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:           **FILED March 21, 2016**

Vincent Romeo (Appellant) appeals from the judgments of sentence entered following the revocation of his probation and parole.[1]  In addition, Appellant's counsel has filed a petition to withdraw and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v.**

---

[1] This Court consolidated the appeals by order dated July 28, 2015.

*Retired Senior Judge assigned to the Superior Court.

*Santiago*, 978 A.2d 349 (Pa. 2009). We grant counsel's petition to withdraw and affirm Appellant's judgments of sentence.

On September 9, 2013, Appellant entered a negotiated guilty plea to one count of possession of a controlled substance at docket number CP-23-CR-0004247-2013 (4247-2013), and one count of possession of a controlled substance at docket number CP-23-CR-0005445-2013 (5445-2013). At docket number 4247-2013, Appellant was sentenced to time served to one year of incarceration and placed on immediate parole, and at docket number 5445-2013, he was sentenced to a consecutive term of six months of probation. On August 27, 2014, Appellant was found in violation of his probation and parole and was resentenced to serve backtime of 254 days at docket number 4247-2013 and a consecutive term of six months of probation at docket number 5445-2013.

Appellant was eventually re-paroled, but at a *Gagnon II* hearing[2] held on May 6, 2015, Appellant stipulated that he again was in violation of his probation and parole.[3] Appellant was sentenced to serve backtime of 69 days at docket number 4247-2013, followed by a term of 11½ to 23 months

---

[2] "A *Gagnon I* hearing is a pre-revocation hearing to determine if probable cause exists that a violation was committed. After this determination is made, a *Gagnon II* hearing is conducted where the Commonwealth is required to establish that the defendant did violate his parole/probation." *Commonwealth v. Stafford*, 29 A.3d 800, 801 n.1 (Pa. Super. 2011); *see also Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

[3] It appears Appellant's violations were technical in nature.

of incarceration at docket number 5445-2013. This consolidated appeal followed.

In this Court, Appellant's counsel filed both an **Anders** brief and a petition to withdraw as counsel. Accordingly, the following principles guide our review of this matter.

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g*., directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted).

Our Supreme Court has clarified portions of the **Anders** procedure:

> Accordingly, we hold that in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history

- 3 -

> and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Based upon our examination of counsel's petition to withdraw and *Anders* brief, we conclude that counsel has substantially complied with the above requirements.[4] Once "counsel has met these obligations, 'it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" *Commonwealth v. Flowers*, 113 A.3d 1246, 1248 (Pa. Super. 2015) (quoting *Santiago*, 978 A.2d at 354 n.5).

Counsel presents one issue that arguably supports this appeal: "Whether the aggregate sentence imposed on [Appellant] is harsh and excessive under the circumstances?" *Anders* Brief at 2. This issue presents a challenge to the discretionary aspects of Appellant's sentence.

Preliminarily, we note the following with respect to Appellant's sentence imposed at docket number 4247-2013 following the revocation of his parole:

---

[4] Appellant has not responded to counsel's petition to withdraw.

Unlike a probation revocation, a parole revocation does not involve the imposition of a new sentence. Indeed, there is no authority for a parole-revocation court to impose a new penalty. Rather, the only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed, original sentence. At some point thereafter, the defendant may again be paroled.

Therefore, the purposes of a court's parole-revocation hearing—the revocation court's tasks—are to determine whether the parolee violated parole and, if so, whether parole remains a viable means of rehabilitating the defendant and deterring future antisocial conduct, or whether revocation, and thus recommitment, are in order. The Commonwealth must prove the violation by a preponderance of the evidence and, once it does so, the decision to revoke parole is a matter for the court's discretion. In the exercise of that discretion, a conviction for a new crime is a legally sufficient basis to revoke parole.

Following parole revocation and recommitment, the proper issue on appeal is whether the revocation court erred, as a matter of law, in deciding to revoke parole and, therefore, to recommit the defendant to confinement. Accordingly, an appeal of a parole revocation is not an appeal of the discretionary aspects of sentence.

As such, a defendant appealing recommitment cannot contend, for example, that the sentence is harsh and excessive. Such a claim might implicate discretionary sentencing but it is improper in a parole-revocation appeal. Similarly, it is inappropriate for a parole-revocation appellant to challenge the sentence by arguing that the court failed to consider mitigating factors or failed to place reasons for sentence on the record. Challenges of those types again implicate the discretionary aspects of the underlying sentence, not the legal propriety of revoking parole.

**_Commonwealth v. Kalichak_**, 943 A.2d 285, 290-91 (Pa. Super. 2008)

(citations and footnote omitted). Thus, to the extent that Appellant's claim

challenges the excessiveness of his sentence imposed based on his parole

violation, it is frivolous. *See id.* at 292-93 (concluding that the appellant's claim that his recommitment following his parole revocation was "harsh and excessive in light of his circumstances" was "wholly frivolous" because the "claim is a purported attack on the discretionary aspects of a sentence," which the appellant "has no right to raise," as "[i]t is not a proper attack on a parole revocation").

Regarding Appellant's sentence imposed at docket 5445-2013 following the revocation of his probation, we observe that it is within this Court's scope of review to consider challenges to the discretionary aspects of an appellant's sentence in an appeal following a revocation of probation. *Commonwealth v. Ferguson*, 893 A.2d 735, 737 (Pa. Super. 2006). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test.

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006)).

Appellant timely filed notices of appeal. Although Appellant did not file a post-sentence motion at either docket number, he arguably preserved his

claim at sentencing.[5]  Further, the **Anders** brief does contain a 2119(f) statement.   Thus, we now consider whether Appellant has raised a substantial question for our review.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis.  **Commonwealth v. Paul**, 925 A.2d 825, 828 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Griffin**, 65 A.3d at 935 (citation and quotation marks omitted).

---

[5] The following exchange occurred at the conclusion of the May 6, 2015 hearing:

> [Appellant]:  Yes, so that's -- I got to do 11½ months after the 69 days?
>
> [Appellant's Counsel]:  Yes.
>
> [Appellant]: Oh man.  And I have the right to appeal this?
>
> [Appellant's Counsel]:  Yes.
>
> [Appellant]: I would like to do that.
>
> The Court: You're welcome to your appeal, sir, this matter is over.

N.T., 5/6/2015, at 6-7.

In the 2119(f) statement, counsel represents that he "believes that an issue of arguable merit exists as to whether the aggregate sentence is harsh and excessive under the circumstances since these cases involved only misdemeanors." **Anders** Brief at 5. Assuming *arguendo* that this claim raises a substantial question, we bear the following in mind.

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.
>
> In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.
>
> Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. [U]pon revocation [of probation] ... the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence. However, 42 Pa.C.S.[] § 9771(c) provides that once probation has been revoked, a sentence of total confinement may only be imposed if any of the following conditions exist[s]:
>
> (1) the defendant has been convicted of another crime; or
>
> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

> (3) such a sentence is essential to vindicate the authority of the court.
>
> In addition, in all cases where the court resentences an offender following revocation of probation ... the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed [and] [f]ailure to comply with these provisions shall be grounds for vacating the sentence or resentence and resentencing the defendant. A trial court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender.

*Commonwealth v. Colon*, 102 A.3d 1033, 1043-44 (Pa. Super. 2014) (citations and quotation marks omitted). Finally, we note that "[t]echnical violations can support revocation and a sentence of incarceration when such violations are flagrant and indicate an inability to reform." *Commonwealth v. Carver*, 923 A.2d 495, 498 (Pa. Super. 2007).

Upon review, we discern no abuse of discretion in the revocation court's decision to impose a consecutive term of 11½ to 23 months of incarceration as a result of Appellant's probation violation.[6] The revocation court adopted the recommendation of the Office of Adult Probation and Parole in sentencing Appellant and, in support of its sentence, explained that Appellant "has a continuing history of non-compliance by failing to report, failing to enter into treatment and fail[ing] to make payment towards fines

---

[6] In so doing, we stress that "[a]n abuse of discretion may not be found merely because an appellate court might have reached a different conclusion" than that reached by the trial court. *Commonwealth v. Perry*, 32 A.3d 232, 236 (Pa. 2011).

and costs." N.T., 5/6/2015, at 5. The record demonstrates that the revocation court reasonably concluded that probation was ineffective in rehabilitating Appellant and that total confinement was necessary to vindicate the authority of the court.

Based on the foregoing, we agree with counsel that Appellant's challenge to the discretionary aspects of his sentence is frivolous. Moreover, we have conducted "a full examination of the proceedings" and conclude that "the appeal is in fact wholly frivolous." **Flowers**, 113 A.3d at 1248. Thus, we affirm the judgments of sentence and grant counsel's petition to withdraw.

Judgments of sentence affirmed. Petition to withdraw granted.

Judge Olson joins.

Judge Mundy concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 3/21/2016