J-S87025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| OMAR ANGLERO COLON, JR. | |
| Appellant | No. 670 MDA 2016 |

Appeal from the Judgment of Sentence Dated March 24, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0000598-2011
CP-36-CR-0004956-2013
CP-36-CR-0005610-2010

BEFORE: LAZARUS, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY SOLANO, J.:                      **FILED MARCH 06, 2017**

Appellant Omar Anglero Colon, Jr. appeals from the judgment of sentence imposed after the court revoked his probation or parole following his guilty plea to two counts of manufacture, delivery, or possession with intent to manufacture or deliver ("PWID") at Docket Nos. CP-36-CR-0005610-2010 and CP-36-CR-0000598-2011,[1] and to one count of retail

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30); there was one count of PWID per docket number.

theft at Docket No. CP-36-CR-0004956-2013.[2] We vacate the judgment of sentence.

On January 27 and 28, 2010, Appellant, while in a drug-free school zone, sold marijuana to an undercover police officer during two separate transactions. Appellant was arrested and charged with two counts of PWID, on two separate dockets, 5610-2010 and 0598-2011. *See* Guilty Plea Slips, 9/22/11; Sentencing Orders, 9/22/11; Presentence Investigative Report ("PSI"), 2/29/16, at 4. On September 22, 2011, Appellant pleaded guilty and was sentenced to a total of five years' probation.

Appellant, however, violated his probation by using marijuana, repeatedly missing appointments with his probation officer, failing to complete drug and alcohol treatment successfully, and accruing a new conviction for retail theft on April 25, 2012. PSI, 2/29/16, at 4-5; Violation of Parole and Probation ("VOP") Ct. Op., 6/24/16, at 2 & n.4.[3] On April 26, 2013, Appellant was sentenced to two concurrent five-year terms of probation. Violation of Sentence Sheet, 4/26/13, at 1.

On September 15, 2013, Appellant again violated his probation when he was charged with retail theft for stealing $236.35 worth of merchandise from a Giant Food Store in Lancaster Township. VOP Ct. Op., 6/24/16, at 2.

---

[2] 18 Pa.C.S. § 3929(a)(1).

[3] The April 25, 2012 retail theft is at Docket No. CP-36-CR-0004832-2011 and is not at issue in this appeal.

On November 1, 2013, after a violation of probation hearing, Appellant was re-sentenced. According to the dockets for both Docket Nos. 5610-2010 and 0598-2011, Appellant was sentenced to concurrent sentences of 5 years' probation. However, according to the combined Violation Sentence Sheet, 11/1/13, at 1-2, for both dockets, Appellant received a split sentence of time-served to 23 months, with immediate parole, followed by two years' probation; the sentences on both dockets were to be served concurrently.[4] The amount of time-served credited to Appellant was not stated in the record at this time. *Id.* at 2.[5]

On December 23, 2013, at Docket No. CP-36-CR-0004956-2013, Appellant pleaded guilty to the retail theft from Giant, and the court sentenced him to time-served (18 days) to 23 months of incarceration followed by one year of probation. *See* Sentencing Order, 12/23/13, at 1; PSI, 2/29/16, at 7. Appellant was immediately paroled.

_____

[4] No notes of testimony were transcribed for the violation hearing on November 1, 2013.

[5] However, during a later VOP hearing, the court suggested that Appellant had received credit for time-served from September 15 to November 1, 2013, on both dockets. N.T., 3/24/16, at 8; Violation of Sentence Sheet, 3/24/16, at 2.

Appellant most recently violated his supervision by repeatedly using marijuana[6] and by accruing a plethora of new criminal charges, none of which are at issue in the current appeal.[7] On February 3, 2016, at his most recent VOP hearing, Appellant stipulated to the violations. N.T., 2/3/16, at 3. When informed of his right to make a statement, Appellant announced that he repeatedly used marijuana in 2015 in order to cope with his grief after the death of his son, who had been only three-and-a-half months old, in 2014. Appellant added that he had been attending drug and alcohol counseling twice a week and that he would like to be present when one of his girlfriends gives birth to his daughter. *Id.* at 3-4.[8] Appellant also

_____

[6] "Specifically, [Appellant] tested positive or admitted to marijuana use on six separate occasions between May and September of 2015." VOP Ct. Op., 6/24/16, at 3 (citing Pet. to File Capias, 2/3/16).

[7] There were three sets of charges:

• At Docket No. CP-36-CR-0006001-2015, Appellant was convicted of simple assault, 18 Pa.C.S. § 2701(a)(3), carrying firearms without a license, 18 Pa.C.S. § 6106(a)(1), and recklessly endangering another person, 18 Pa.C.S. § 2705; he has not yet been sentenced for these convictions.

• At Docket No. CP-36-CR-0000221-2016, Appellant was charged with two counts of PWID; possession of a controlled substance, 35 P.S. § 780-113(a)(16), and use/possession of drug paraphernalia, 35 P.S. § 780-113(a)(32); these charges remain pending.

• Appellant was also charged with multiple offenses at Docket No. CP-36-CR-0006089-2015, but Appellant was found not guilty on all counts that were not otherwise dismissed.

[8] Two "significant others" are listed on Appellant's PSI, 2/29/16, at 8. Appellant has been legally separated from his wife for over four years; she
*(Footnote Continued Next Page)*

- 4 -

emphasized that the reason he had not paid any fines or court costs was that he had other financial obligations, including child support,[9] drug and alcohol treatment costs, rent, and potential counsel fees. VOP Ct. Op., 6/24/16, at 4 (citing N.T., 2/3/16, at 4). When the VOP court asked Appellant how he could afford that much marijuana but could not afford to pay fines and costs, Appellant stressed that the marijuana was from "just hanging out" with friends, and he was not paying for it. N.T., 2/3/16, at 4.

At the conclusion of the hearing, the VOP court ruled as follows: "[Docket No.] 4956[-]13, I find that defendant violated his parole. Parole is revoked. On [Docket Nos.] 0598[-]11 and 5610[-]10, I find the defendant violated his probation. Probation is revoked." N.T., 2/3/16, at 5; *see also* VOP Ct. Op., 6/24/16, at 4 (the VOP court "found that [Appellant] had violated his parole and probation [and] revoked the same"). The VOP court then ordered a PSI. *Id.*

The PSI informed the VOP court of the Appellant's family history. Appellant's parents separated when Appellant was four years old, and his father had molested Appellant's twin sister and was criminally charged and incarcerated. PSI, 2/29/16, at 9. Appellant's father also was an alcoholic.

_____
*(Footnote Continued)* —————————

was not listed as either of his current "significant others" on his PSI. *Id.* at 10.

[9] Appellant's PSI lists three living children, ages 6, 3, and 2. PSI, 2/29/16, at 9.

*Id.*  As of the date of the PSI, Appellant had not had regular contact with his mother for about three years, since she moved to South Carolina.  *Id.* at 10.  Additionally, Appellant has been diagnosed with Attention Deficit Hyperactive Disorder and Intermittent Explosive Disorder since "an early age."  *Id.* at 13.

On March 24, 2016, at his sentencing hearing, "when given the opportunity to make a statement," Appellant "indicated that he planned to take care of his children and had a job waiting for him."  VOP Ct. Op., 6/24/16, at 4.  Appellant further stated that the full-time job offer was at the Wild Bills food factory, where his pregnant girlfriend was a manager.  N.T., 3/24/16, at 4-5.

After hearing testimony and listening to the arguments of counsel, the VOP court made several observations:

> I remarked that I had selected the appropriate sentencing alternative that was "consistent with the protection of the public, the gravity of the underlying offenses" and [Appellant]'s rehabilitative needs.  In so doing, I noted that I had evaluated the facts and circumstances of the underlying offenses, [Appellant]'s statements and those of his attorney, my observations, and the PSI.  Additionally, I observed that [Appellant]'s age and the assessments attached to his PSI reflected sufficient maturity and intelligence to appreciate the significance of his actions.  Furthermore, I mentioned that the PSI illustrated [Appellant's] extensive criminal history, encompassing a juvenile felony adjudication[10] plus convictions

_____

[10] In 2004, when he was 15 years old, Appellant "was found to have committed the act of Assault."  PSI, 2/29/16, at 10.  In 2007, while still a
*(Footnote Continued Next Page)*

on four separate dockets as an adult, two of which were felonies. Finally, I took into account that the PSI also revealed [Appellant]'s myriad violations of the terms and conditions of his probation and parole, including, among other things, accruing new criminal charges, recurrent marijuana use, and repeatedly missing appointments.

Ultimately, I determined that total incarceration was the most appropriate sentencing alternative due to [Appellant]'s total refusal or inability to comply with the terms and conditions of his supervision and the demonstrated failure of a probationary sentence to adequately address [Appellant]'s rehabilitative needs and deter [Appellant] from committing additional crimes. I remarked that, in light of [Appellant]'s repeated failure to abide by the terms and conditions of court-ordered supervision, total incarceration was most certainly warranted in order to vindicate the authority of the [c]ourt and because a lesser sentence would have diminished the severity of [Appellant]'s ongoing defiance of this [c]ourt.

VOP Ct. Op., 6/24/16, at 4-5 (citing N.T., 3/24/16, at 6-8). The court "imposed concurrent sentences of two-and-one-half to five years [at a state correctional institution] on each of the three Dockets and explained the amount of previously calculated time credit on each Docket." *Id.* at 6 (citing N.T., 3/24/16, at 8-9) (footnotes omitted).[11] The Violation of Sentence

_(Footnote Continued)_ ──────────────────

juvenile, he was also adjudicated delinquent for "Criminal Conspiracy/ Burglary (F-1) and Criminal Mischief." *Id.* at 3.

[11] At the conclusion of the sentencing hearing, the VOP court stated that Appellant received credit for time served, N.T., 3/24/16 at 8-9, as follows:

- For Docket No. 5610-2010, from October 21 to December 16, 2010, from August 30 to **December** 22, 2011, from September 15 to November 1, 201**3**, and from December 11, 2015, to March 24, 2016;

_(Footnote Continued Next Page)_

Sheet, 3/24/16, at 1, stated that, at Docket Nos. 5610-2010 and 0598-2011, Appellant was found in "violation of probation" and, at Docket No. 4956-2013, Appellant was found in "violation of parole" and "violation of probation."

On April 4, 2016, the court denied a motion by Appellant to modify that sentence. Then, on April 22, 2016, Appellant filed this appeal. Appellant presents one issue for our review:

> Was the [VOP] court's sentence of two-and-one-half (2½) to five (5) years of incarceration manifestly excessive under the circumstances so as to constitute an abuse of the court's discretion?

Appellant's Brief at 6.

---

*(Footnote Continued)* ————————————

- For Docket No. 0598-2011, from September 15 to November 1, 2013, **and from December 11, 2015, to March 24, 2016**; and

- For Docket No. 4956-2013, from November 1 to November 3, 2013, and from December 11, 2015, to **March 24, 2016**.

However, according to the Violation of Sentence Sheet, 3/24/16, at 2, signed by the VOP court judge, Appellant received credit for time served, as follows:

- For Docket No. 5610-2010, from October 21 to December 16, 2010, August 30 to **September** 22, 2011, from September 15 to November 1, 201**5**, and from December 11[, 2015] to March 24, 2016;

- For Docket No. 0598-2011, from September 15 to November 1, 2013; and

- For Docket No. 4956-2013, from November 1 to November 3, 2013, and from December 11 to **December 15, 2015**.

Appellant's issue concerns the discretionary aspects of his sentences, but before we reach that issue, we first must consider whether Appellant's sentences are legal. Although Appellant has not claimed that his sentences are not legal, "challenges to an illegal sentence can never be waived and may be reviewed *sua sponte* by this Court. An illegal sentence must be vacated." *Commonwealth v. Randal*, 837 A.2d 1211, 1214 (Pa. Super. 2003) (*en banc*; brackets, citations, and quotation marks omitted). Because the record is unclear in these cases, we are unable to determine the legality of Appellant's sentences. We therefore are vacating the sentencing orders.

The confusion in the record stems from ambiguities regarding whether the trial court revoked Appellant's probation or his parole. In the case of a revocation of **probation**, the VOP court has the same full range of sentencing options that it initially could have imposed. 42 Pa.C.S. § 9771(b). But the maximum time that a parole violator may be imprisoned for a **parole** violation is the balance of the unserved portion of the original maximum sentence imposed by the criminal court. *Commonwealth v. Stafford*, 29 A.3d 800, 804 (Pa. Super. 2011) (a court "cannot 'extend' a parolee's sentence beyond the original sentence, *i.e.,* lengthen the period of possible incarceration").[12]

---

[12] Furthermore, offenders recommitted as county parole violators receive no credit against their maximum sentences for time spent at liberty on parole,
*(Footnote Continued Next Page)*

## Docket Nos. 5610-2010 and 0598-2011

The record is unclear as to what sentence Appellant received at his previous violation hearing for Docket Nos. 5610-2010 and 0598-2011 on November 1, 2013. According to the docket, Appellant had previously been sentenced only to probation; if this information is correct, then, upon the violation of that probation, the VOP court had discretion to sentence Appellant to confinement up to the statutory maximum of 2.5 to 5 years, which is exactly what it did. In that instance, Appellant's current sentences for those dockets would be legal.

However, according to the Violation Sentence Sheet, 11/1/13, at 1, Appellant received concurrent sentences of time-served to 23 months of incarceration, with immediate parole, followed by two years of probation. The amount of time served was not clearly established but appears to have been 47 days, according to the latest available record. N.T., 3/24/16 at 8; Violation of Sentence Sheet, 3/24/16, at 2. Appellant's parole for these two dockets thus would have ended on August 15, 2015,[13] and – but for the

_(Footnote Continued)_ ─────────────

even if that time was in good standing. **_Commonwealth v. Fair_**, 497 A.2d 643, 645 (Pa. Super. 1985).

[13] Appellant received credit for time served dating back to September 15, 2013. **_See_** N.T., 3/24/16, at 8; Violation of Sentence Sheet, 3/24/16, at 2. Thus, his sentence is calculated from that date forward. Twenty-three months thereafter – _i.e.,_ when Appellant's parole would have ended – is August 15, 2015.

additional violation – his probation for these two dockets would have ended on August 15, 2017.[14] The record is unclear as to when the VOP court considered Appellant to have violated his supervision: May 2015 when there was proof of his marijuana use; September 2015, after his sixth time testing positive for or admitting to marijuana use; or November 10, 2015, when he committed his new crimes.[15]

At the most recent VOP hearing, the court said it was revoking Appellant's "probation" (not his parole) for both Docket Nos. 5610-2010 and 0598-2011. N.T., 2/3/16, at 5. During his most recent sentencing hearing, Appellant's VOP counsel also stated that Appellant had "finished a parole portion of a split on two of the dockets that he's being sentenced on today." N.T., 3/24/16, at 5. The Violation of Sentence Sheet, 3/24/16, at 1, also stated that, at Docket Nos. 5610-2010 and 0598-2011, Appellant was found in "violation of probation."

If Appellant had commenced his probation for Docket Nos. 5610-2010 and 0598-2011, then his new sentence is legal. But if he was still serving his parole under these two docket numbers, then the maximum sentence to which he could be re-sentenced on these dockets appears to be 47 months

_____

[14] Appellant's consecutive probation was two years. Two years after the end of his parole on August 15, 2015, is August 15, 2017.

[15] *See* Docket No. CP-36-CR-0006001-2015.

each – his previous maximum incarceration of 23 months plus his probation period of 2 years (*i.e.*, 24 months). Instead, the VOP court sentenced Appellant to a maximum confinement of five years, which exceeds the maximum permissible sentence. Thus, if Appellant was still on parole, these sentences must be vacated.

In light of these uncertainties, we vacate the judgment of sentence, and remand to have the VOP court clarify the record and resentence Appellant. If Appellant's parole was ongoing at Docket Nos. 5610-2010 and 0598-2011, then Appellant must be resentenced. *See Stafford*, 29 A.3d at 804. If Appellant had commenced his probation for these two dockets (as the VOP court and VOP counsel suggested by their statements at the VOP hearing and sentencing hearing, respectively), then the VOP court may, in its discretion, re-impose a sentence of up to 2.5 to 5 years' incarceration, the maximum sentence that was originally applicable. *See* 42 Pa.C.S. § 9771(b).

### Docket No. 4956-2013

Similarly, at Docket No. 4956-2013, Appellant was originally sentenced to time-served (18 days) to 23 months of incarceration, followed by one year of probation. *See* Sentencing Order, 12/23/13, at 1. After being given that sentence, Appellant was given a credit for time served of 18 days and then immediately paroled. *See id.*; PSI, 2/29/16, at 7. At the VOP hearing, the court said it was revoking Appellant's "parole" (not his probation) for this

docket. N.T., 2/3/16, at 5. Yet, the record shows that Appellant's parole should have been completed on November 5, 2015.[16] If Appellant was still on parole for his conviction at Docket No. 4956-2013, then the maximum sentence to which he could be re-sentenced appears to be 35 months – his maximum original incarceration of 23 months plus his original probation period of 1 year (*i.e.*, 12 months). However, the VOP court sentenced Appellant to a maximum confinement of five years (or 60 months), which exceeds the maximum permissible sentence.

If Appellant's parole was ongoing at Docket No. 4956-2013 (as the VOP court suggested by its statement at the VOP hearing), then Appellant must be resentenced. *See Stafford*, 29 A.3d at 804. If, however, Appellant was not still on parole and had commenced his probation, then the court — after clarifying the record regarding Appellant's probation or parole status — may, in its discretion, re-impose a sentence of up to 2.5 to 5 years' incarceration, the maximum sentence that was originally applicable. *See* 42 Pa.C.S. § 9771(b). In light of these uncertainties, we vacate the judgment of sentence, and remand to have the VOP court clarify the record and resentence Appellant.

---

[16] Appellant was sentenced to a maximum incarceration of 23 months on December 23, 2013. He was given a credit for time served of 18 days and immediately paroled. Therefore, Appellant's sentence of incarceration is considered to have begun on December 5, 2013. Twenty-three months thereafter expired on November 5, 2015.

In light of our disposition, we do not reach Appellant's challenge to the discretionary aspects of his sentences.

Judgment of sentence vacated. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/6/2017