J-S24042-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TALIDEEN E. CHAMBERS | : | |
| | : | |
| Appellant | : | No. 1532 MDA 2022 |

Appeal from the Judgment of Sentence Entered October 6, 2022
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0002322-2019

BEFORE:   BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:        **FILED: OCTOBER 4, 2023**

Appellant, Talideen E. Chambers, appeals from the judgment of sentence entered in the Court of Common Pleas of Luzerne County following the revocation of probation.  Additionally, Appellant's counsel, Robert M. Buttner ("Counsel") has filed a petition to withdraw and accompanying brief pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  We grant Counsel's petition to withdraw and affirm.

The trial court sets forth the relevant facts and procedural history of the case as follows:

> On August 6, 2019, an information was filed by the Luzerne County District Attorney against Defendant, Talideen E. Chambers [hereinafter, "Appellant"].  Appellant was charged with possession with intent to deliver a controlled substance, [35 P.S. § 780-

_____

[*] Former Justice specially assigned to the Superior Court.

113(a)(30)], three counts of conspiracy to commit possession with intent to deliver a controlled substance and endangering welfare of children [18 Pa.C.S.A. § 4304(a)(1)].

On January 21, 2020, Appellant pled guilty to possession with intent to deliver heroin and endangering welfare of children. [At the hearing, the Commonwealth related it was prepared to prove at trial that] during the execution of a search warrant, Appellant was located in an apartment with his ten-month-old child and other individuals as well as a significant amount of heroin and additional items consistent with the sale of the heroin.

Sentencing occurred on August 26, 2020. Appellant was sentenced to 3 to 23 months on the possession with intent to deliver charge. His sentence on the endangering welfare charge was 3 to 6 months to be served concurrently. Appellant received credit for serving 39 days of incarceration prior to sentencing and he was determined to be re-entry eligible. He was also paroled to the day reporting center six days later.

On April 15, 2021, Appellant's parole was revoked and reinstated. His parole was again revoked on October 6, 2022[, after he admitted to violations,] which included possessing marijuana and drug paraphernalia, possessing a firearm, behaving in a manner threatening to the public, failing to pay fines, restitution, program fees and a supervision fee, and two new arrests [occurring on August 13, 2022 and August 21, 2022]. As a result, Appellant forfeited 18 months of street time[1] and he was recommitted to serve his original sentence with a new maximum date of April 6, 2024. He was determined to be re-entry eligible and work-release eligible.

A notice of appeal was filed on Appellant's behalf on November 4, 2022. By order dated November 8, 2022, Appellant was directed to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one days and serve a copy on the Luzerne County District Attorney and [the trial court] pursuant to Pa.R.A.P. 1925(b)(1). Because Appellant did not file a concise statement, a 1925(a) opinion was originally filed

_____

[1] We understand "street time" to mean the time when a defendant is not imprisoned, but on probation or parole.

- 2 -

on December 30, 2022, which indicated that any issues Appellant would attempt to raise have been waived in accordance with Pa.R.A.P. 1925(b)(4)(vii). The opinion also provided that Appellant would be permitted to file a concise statement *nunc pro tunc* if such relief were requested.

On February 14, 2023, counsel for Appellant filed a Motion for Extension of Time to File Concise Statement Pursuant to Pa.R.A.P. 1925(b)(2), *nunc pro tunc*.

One day later, the motion was granted and a concise statement was filed on February 16, 2023. In the statement, appellate counsel indicated his intention to file an **Anders/Santiago** brief since there were no "non-frivolous" issues able to be raised on appeal. [The trial court] concurs with appellate counsel's determination that there are no non-frivolous issues to be raised on appeal.

Trial Court Opinion, 2/22/2023.

Counsel has identified the following issue in the **Anders** brief:

Whether the trial court abused its discretion when it recommended and recalculated the Appellant's original maximum sentence by eighteen (18) months by failing to award him credit for his street time while on county parole which results in too severe a maximum sentence?

**Anders** Brief, at 2.

"When faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." **Commonwealth v. Wimbush**, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). Counsel must comply with the technical requirements for petitioning to withdraw by (1) filing a petition for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) providing a copy of the brief to the appellant; and (3) advising the appellant that he has

the right to retain private counsel, proceed *pro se*, or raise additional arguments that the appellant considers worthy of the court's attention. ***See Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

Additionally, counsel must file a brief that meets the requirements established by our Supreme Court in ***Santiago***. The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> ***Santiago***, 978 A.2d at 361. Counsel also must provide a copy of the ***Anders*** brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the ***Anders*** brief."

***Commonwealth v. Orellana***, 86 A.3d 877, 879-880 (Pa. Super. 2014) (some citation omitted).

"Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly

- 4 -

frivolous." ***Goodwin***, 928 A.2d at 291 (citation omitted). This includes "an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." ***Commonwealth v. Flowers***, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citation and footnote omitted); ***accord Commonwealth v. Yorgey***, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Upon review, we find counsel has complied with the procedural requirements of ***Anders***, ***Santiago***, and their progeny. Counsel provided Appellant with a letter advising him of his rights pursuant to ***Commonwealth v. Millisock***, 873 A.2d 748 (Pa. Super. 2005), and the letter is attached to counsel's withdrawal petition. Counsel also has provided proof of service for both the petition and the ***Anders*** brief. Counsel's ***Anders*** brief complies with the requirements set forth in ***Santiago***, and it contains copies of both counsel's Pa.R.A.P. 1925(c)(4) statement of intent to file an ***Anders*** brief and the trial court opinion.

We proceed to Counsel's ***Anders*** brief, which presents Appellant's claim that the trial court abused its sentencing discretion when it recommitted him to serve his original sentence and declined to give him credit for the 18 months' "street time" he spent in good standing on parole. Appellant contends that his sentence is excessive, arguing that he had showed appropriate remorse and took responsibility for his violations by declining to contest the violation of the conditions of his parole and showing a willingness to participate

in work release, hold employment, and attend the County Day Reporting Center program for drug treatment. Appellant's Brief at 5. This claim fails.

This Court has previously determined that, following the revocation of parole,

> a defendant appealing recommitment cannot contend, for example, that the sentence is harsh and excessive. Such a claim might implicate discretionary sentencing but it is improper in a parole-revocation appeal. Similarly, it is inappropriate for a parole-revocation appellant to challenge the sentence by arguing that the court failed to consider mitigating factors or failed to place reasons for sentence on the record.
>
> Challenges of those types [ ] implicate the discretionary aspects of the underlying sentence[.]

*Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa. Super. 2008) (citations omitted). Discretionary sentencing challenges cannot be raised on appeal from parole revocation proceedings because,

> a parole revocation does not involve the imposition of a new sentence. Indeed, there is no authority for a parole-revocation court to impose a new penalty. Rather, the only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed, original sentence. At some point thereafter, the defendant may again be paroled.

*Id.* at 290.

As *Kalichak* makes clear, following the revocation of parole, the trial court may not impose a new sentence. "[T]he only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed, original sentence." *Id*. As such, "[f]ollowing parole revocation and recommitment, the proper issue on appeal is whether the revocation court

erred, as a matter of law, in deciding to revoke parole and, therefore, to recommit the defendant to confinement." *Id.* at 291.

Here, Appellant admitted to violating the terms of his parole and, on appeal, he does not contest the trial court's revocation decision and reimposition of his original sentence. Instead, Appellant argues that the trial court's decision to deny credit for his compliant street time reflects an abuse of discretion and amounts to an excessive sentence. Following the revocation of parole, however, we do not review resentencing for alleged excessiveness or discretionary aspects of sentencing. *See Kalichak*; *See also Commonwealth v. Anthony*, 297 A.3d 723 (Pa. Super. 2023) (non-precedential decision at *2) (rejecting abuse of discretion challenge to denial of credit for extensive street time and holding no error of law attended decision where the parolee admitted she failed to comply with all rules and conditions applicable to her parole)[2]; *Commonwealth v. Fair*, 497 A.2d 643, 645 (Pa. Super. 1985) (holding that the parolee, when found in violation of parole, is not entitled as of right to credit for time spent on parole without violation). Under such authority, we have reviewed Appellant's revocation sentence, including the denial of credit for street time spent in good standing, for an

---

[2] Pursuant to the Pennsylvania Rules of Appellate Procedure, we may cite non-precedential memorandum decisions of this Court that were filed after May 1, 2019, for their "persuasive value." Pa.R.A.P. 126(b)(1)-(2).

error of law and discern none. Accordingly, Appellant's claim affords him no relief.[3]

Finally, we have undertaken an independent review of the record pursuant to **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015), to determine whether there are any non-frivolous issues that counsel neglected and have discerned none. Therefore, no relief is due.

Counsel's Petition to Withdraw is granted. Judgment of Sentence is affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/04/23

---

[3] Similarly, the **Anders** Brief addresses whether the recalculation of Appellant's maximum sentence resulted in an illegal sentence. Finding the present re-computation of sentence in compliance with **Commonwealth v. Stafford**, 29 A.3d 800, 804 (Pa. Super. 2011) (holding that recomputing a maximum date does not extend the sentence beyond the original sentence) and, Counsel concludes that no error of law attends Appellant's sentence. We agree with Counsel's assessment.