COMMONWEALTH of Pennsylvania,
Appellant

v.

Michael STAFFORD, Appellee

Superior Court of Pennsylvania.

Argued Aug. 23, 2011.
Filed Sept. 26, 2011.

Jay W. Hannon, Assistant District Attorney, Media, for Commonwealth, appellant.

Stephen J. Schukraft, Media, for appellee.

BEFORE: BOWES, ALLEN, and PLATT *, JJ.

OPINION BY BOWES, J.:

The Commonwealth appeals from the trial court's May 24, 2010 order granting Michael Stafford's *habeas corpus* motion filed after he was arrested for violating conditions of his parole. We reverse and remand for proceedings consistent with this opinion.

Appellee initially entered a guilty plea to simple assault and was sentenced to two years probation. He violated the terms of his probation and the trial court properly resentenced him on April 30, 2008 to three to twenty-three months incarceration. The court credited Appellee with thirty-three days time served and permitted him to serve the remainder of his minimum sentence on electronic home monitoring. Appellee, nevertheless, did not complete that aspect of his sentence because he absconded from his home monitoring address on June 30, 2008. The court issued a bench warrant on July 2, 2008. Appellee was not arrested until December 24, 2009.

Thereafter, Appellee was incarcerated and on January 21, 2010, a *Gagnon I* hearing was scheduled for both this case and another unrelated matter.[1] There appears to be some question as to whether the *Gagnon I* hearing on that date actually addressed the current case. Regardless, since Appellee had not been paroled at the time he absconded, neither a *Gagnon I* or *II* hearing was necessary. Following the January 21, 2010 hearing, Appellee served the balance of his three month minimum sentence in the county correctional facility. With no apparent sanction for his absconding, Appellee was released on January 28, 2010. Before his release, Appellee did not file of record a request for parole,[2] rather, the trial court rescinded Appellee's bench warrant based on the completion of his minimum sentence.[3] This action was tak-

---

\* Retired Senior Judge assigned to the Superior Court.

1. In *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the Supreme Court held that a parolee is entitled to minimum due process protections because of the possible deprivation of liberty inherent in parole revocation proceedings. This holding was extended to probation revocations in *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). *See also Commonwealth ex rel. Rambeau v. Rundle*, 455 Pa. 8, 314 A.2d 842 (1973) (applying *Morrissey* parole revocation procedure in Pennsylvania); *Commonwealth v. Davis*, 234 Pa.Super. 31, 336 A.2d 616 (1975). A *Gagnon I* hearing is a pre-revocation hearing to determine if probable cause exists that a violation was committed. After this determination is made, a *Gagnon II* hearing is conducted where the Commonwealth is required to establish that the defendant did violate his parole/probation. *See Commonwealth v. Ferguson*, 761 A.2d 613 (Pa.Super.2000). The *Gagnon* decision has become the common moniker for both parole and probation revocation proceedings.

2. Pursuant to 42 Pa.C.S. § 9776(b), defendants may not be paroled from a county sentence without filing a petition. ("No inmate may be paroled under this section except on petition verified by the oath of the inmate or by the inmate's representative and presented and filed in the court in which the inmate was convicted."). Certain counties, however, have passed administrative orders that permit prisoners to be automatically released on parole after they serve the minimum sentence. *See Presley v. Pa. Board of Probation and Parole*, 748 A.2d 791 (Pa.Cmwlth.2000).

3. We note that if Appellee's minimum sentence expired on January 28, 2010, it is mathematically impossible for his maximum sentence to have elapsed on February 27, 2010. Accordingly, the court's release of Appellee based on completion of his minimum sentence implicitly acknowledged that his maximum date would have to be re-calculated.

en at the request of the county probation and parole department rather than the district attorney's office.

At the time of his actual release on parole, Appellee had not served any of his original parole period, having been an escapee from June 30, 2008 to December 24, 2009. Subsequently, Appellee was arrested on March 24, 2010 for allegedly violating parole by failing to appear for scheduled parole appointments on February 11, 2010 and March 18, 2010 and neglecting to complete community service. The court held a *Gagnon I* hearing on April 15, 2010. The following day, Appellee filed a *habeas corpus* motion contending that his original maximum sentence expired on February 27, 2010 and he was therefore entitled to be released. The court held a hearing on May 10, 2010 and granted the motion on May 24, 2010.

The Commonwealth timely appealed. The trial court directed it to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The Commonwealth complied, and the trial court authored its Pa.R.A.P. 1925(a) opinion. The matter is now ready for our review. The Commonwealth's sole contention on appeal is "Did the trial court err in granting the habeas petition where the court improperly credited the time the defendant spent as a fugitive towards his maximum sentence?" Commonwealth's brief at 4.

Initially, we set forth our standard and scope of review.

> Ordinarily, an appellate court will review a grant or denial of a petition for writ of habeas corpus for abuse of discretion, *see, e.g., Commonwealth v. Reese,* 774 A.2d 1255, 1261 (Pa.Super.2001), but for questions of law, our standard of review is de novo, and our scope of review is plenary. *See Buffalo Township v.*

> *Jones,* 571 Pa. 637, 644 n. 4, 813 A.2d 659, 664 n. 4 (2002).

*Commonwealth v. Judge,* 591 Pa. 126, 916 A.2d 511, 521 (2007). As the Commonwealth's issue presents a question of law, we employ the corresponding *de novo* and plenary review.

The precise facts of this case present a novel query. That is, can Appellee be held as a parole violator after the passage of the original maximum date when his sentencing date was not re-computed by the court after he absconded from house arrest? Phrased differently, is Appellee entitled to credit for having served his twenty-three-month sentence when he escaped from supervision for eighteen months?

■ The Commonwealth argues that because Appellee was a fugitive parolee for eighteen months, he could not be credited for serving his parole sentence during that period. In leveling its argument, the Commonwealth analogizes to case law discussing absconding probationers. Relying on *Commonwealth v. Ortega,* 995 A.2d 879 (Pa.Super.2010), the Commonwealth contends that, "the courts of this Commonwealth have long rejected the notion that the sentence of an absconder or delinquent parolee continues to run, as if it were being served, to the point of expiring on its scheduled expiration date." Commonwealth's brief at 10 (quoting *Ortega, supra* at 885). Although *Ortega* involved a probationer, it expressly utilized case law discussing parole violators in rendering its decision. According to the Commonwealth, the trial court's decision effectively permitted Appellee to remain free from supervision for eighteen months, but receive credit for that unsupervised street time.

■ Appellee counters that a maximum date of incarceration can only be modified after a *Gagnon II* hearing, and the county

probation and parole department illegally altered Appellee's maximum sentencing date. Appellee erroneously relies on 42 Pa.C.S. § 9771, which solely governs probation. The trial court in its Pa.R.A.P. 1925(a) opinion also incorrectly discusses revocation of probation, stating that the court has authority to revoke probation and to amend or extend a sentence.[4]

■ However, Appellee was not on probation; nor was he a fugitive parolee as argued by the Commonwealth.[5] Pointedly, Appellee was an escapee, as the court had not lawfully paroled him from his minimum sentence. Pursuant to *Commonwealth v. Wegley*, 574 Pa. 190, 829 A.2d 1148 (2003), a defendant can be charged with escape when he is confined to his home via electronic monitoring. Escape is statutorily defined as one who **"unlawfully removes himself from official detention or fails to return to official detention** following temporary leave granted for a specific purpose or limited period." 18 Pa.C.S. § 5121(a) (emphasis added). Official detention "means arrest, detention in any facility for custody of persons under charge or conviction of crime or alleged or found to be delinquent, detention for extradition or deportation, or **any other detention for law enforcement purposes;** but the phrase does not include supervision of probation or parole, or constraint incidental to release on bail." 18 Pa.C.S. § 5121(e) (emphasis added). Thus, electronic monitoring is a form of "official detention." *See Wegley, supra.*[6] Only after Appellee was arrested and served his

---

4. The trial court's error is somewhat understandable as the Commonwealth's concise statement erroneously utilized the word probation instead of parole. The Commonwealth's misstatement, however, is insufficient to find Pa.R.A.P. 1925(b) waiver as it was clear from the record that Appellee was serving a parole sentence when the court granted his *habeas* motion.

5. Our Supreme Court has delineated the difference between probation and parole succinctly.

As commonly defined, probation is "[a] sentence imposed for commission of crime whereby a convicted criminal offender is released into the community under the supervision of a probation officer in lieu of incarceration." BLACK'S LAW DICTIONARY, 835 (6th ed.1991). Conversely, parole is the "[r]elease from jail, prison or other confinement after actually serving part of the sentence. Conditional release from imprisonment which entitles parolee to serve remainder of his term outside the confines of an institution, if he satisfactorily complies with all terms and conditions provided in [the] parole order." *Id.* at 770. As is relevant, a court faced with a violation of probation may impose a new sentence so long as it is within the sentencing alternatives available at the time of the original sentence. 42 Pa.C.S. § 9771(b) ("Upon revocation [of probation] the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation."). In contrast, a court faced with a parole violation must recommit the parolee to serve the remainder of the original sentence of imprisonment, from which the prisoner could be reparoled. *See Commonwealth v. Fair*, 345 Pa.Super. 61, 497 A.2d 643, 645 (1985) ("The power of the court after a finding of violation of parole in cases not under the control of the State Board of Parole is 'to recommit to jail....' There is no authority for giving a new sentence with a minimum and maximum." (internal citation omitted)). *Commonwealth v. Holmes*, 593 Pa. 601, 933 A.2d 57, 59 (2007).

6. This Court is cognizant that a person is not in "custody" for purposes of the credit for time served statute, 42 Pa.C.S. § 9760, when serving a sentence under electronic home monitoring. *See Commonwealth v. Kyle*, 582 Pa. 624, 874 A.2d 12 (2005); *Commonwealth v. Maxwell*, 932 A.2d 941 (Pa.Super.2007). Hence, a parole or probation violator is not entitled to credit for time spent under house arrest. Here, however, Appellee was neither on probation nor was he properly paroled at the time he absconded.

minimum sentence was he paroled. Accordingly, not until January 28, 2010, was Appellee subject to parole supervision. The discussion by Appellee and the trial court of the trial court's authority relative to a probation sentence is irrelevant. Similarly, the Commonwealth's argument that Appellee was a parole fugitive from June 30, 2008 until December 24, 2009 is erroneous.

■ Certainly, the trial court was correct in determining that the county parole department could not unilaterally extend Appellee's sentence. *See* 42 Pa.C.S. § 9775. Indeed, a court itself cannot "extend" a parolee's sentence beyond the original sentence, *i.e.*, lengthen the period of possible incarceration. *See Commonwealth v. Holmes*, 593 Pa. 601, 933 A.2d 57 (2007). However, re-computing a maximum date does not extend the sentence. *Young v. Pa. Board of Probation and Parole*, 487 Pa. 428, 409 A.2d 843 (1979). In addition, a defendant's sentence does not run while he is an absconder and not under supervision. *Young, supra* at 846 ("Mere lapse of time without imprisonment ... does not constitute service of sentence[.]". Nor is it proper for a defendant to receive credit for street time while absconding.) *See Commonwealth ex. rel. Goins v. Rundle*, 411 Pa. 590, 192 A.2d 720 (1962). Most importantly, a person who is an escapee is not entitled to credit for time served as he is obviously not serving his sentence. Since Appellee was not paroled until January 28, 2010, he could not be considered a parolee during the eighteen months he absconded from his home-monitoring sentence.

Appellee, as a matter of law, was not entitled to credit for his sentence running when he absconded from house arrest and was not under supervision. Appellee was an escapee, having not been previously paroled. Therefore, his maximum sentence could not have expired on February 27, 2010 and Appellee's maximum sentence was required to be adjusted.

■ By concluding that Appellee's maximum date expired on February 27, 2010, the court implicitly and erroneously credited him for over eighteen months of parole time when he was not on parole or under any supervision for those eighteen months. Simply put, Appellee's maximum date of February 27, 2010 can only stand if he was actually serving his sentence. *See generally Young, supra* at 848 ("if there is compliance with the terms of parole, appellant's time spent in that status satisfies the prison commitment."). As Appellee was not paroled before January 28, 2010 and was an escapee for eighteen months, we reverse the trial court's order and remand for a *Gagnon II* hearing to determine if Appellee violated his parole conditions.[7]

Order reversed. Case remanded. Jurisdiction relinquished.

---

7. Since Appellee received a sentence of less than two years, the trial court is vested with the authority to revoke Appellee's parole. *Commonwealth v. Ferguson*, 761 A.2d 613 (Pa.Super.2000); Comment to Pa.R.Crim.P. 708; 42 Pa.C.S. § 9775; 42 Pa.C.S. § 9776.