J.S26032/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER PETER FICK, | : | |
| | : | |
| Appellant | : | No. 2975 EDA 2013 |

Appeal from the PCRA Order September 26, 2013
In the Court of Common Pleas of Chester County
Criminal Division No(s).: CP-15-CR-0001052-1999

BEFORE: BENDER, P.J.E., SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:             **FILED OCTOBER 06, 2014**

Appellant, Christopher Peter Fick, appeals *pro se* from the order entered in the Chester County Court of Common Pleas dismissing without a hearing his petition filed pursuant to the Post Conviction Relief Act[1] ("PCRA"). The underlying judgment of sentence was entered upon the second revocation of a probationary term. In this appeal, Appellant raises several claims of ineffective assistance of trial counsel, as well as the denial of his rights to written notice of the charges and a speedy probation revocation hearing. We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

The underlying facts of this case are not necessary to our disposition. On April 17, 2000, Appellant pleaded *nolo contendere* to burglary and received a sentence of twelve to twenty-four months' imprisonment and a consecutive three years' probation. In March of 2005, the trial court revoked and reinstated his probation for the first time, for failing to pay restitution.

> A bench warrant was issued on July 13, 2006 in regard to four new burglary convictions in the state of New Jersey[; ] however, [Appellant] was serving a New Jersey sentence at that time. A detainer was issued on [Appellant. N]onetheless, due to an unknown administrative mistake, [Appellant] was released from custody in New Jersey on August 25, 2009. [Once the Commonwealth learned of this, o]n April 28, 2010, a bench warrant was reactivated and executed on June 21, 2011.

**Commonwealth v. Fick**, 2701 EDA 2011 (unpublished memorandum at 2) (Pa. Super. filed Jul. 24, 2012) (direct appeal) (quoting Trial Ct. Op., 1/17/12, at 1-2); **see also** N.T. 9/6/11, at 3.

On September 6, 2011, the trial court conducted a **Gagnon II** hearing[2] and again revoked Appellant's probation for incurring the above New Jersey burglary convictions and failing to pay outstanding monies. The court imposed the underlying sentence of two to five years' imprisonment

---

[2] "A **Gagnon I** hearing is a pre-revocation hearing to determine if probable cause exists that a violation was committed. After this determination is made, a **Gagnon II** hearing is conducted where the Commonwealth is required to establish that the defendant did violate his parole/probation." **Commonwealth v. Stafford**, 29 A.3d 800, 801 n.1 (Pa. Super. 2011) (citation omitted).

with credit for time served.

Appellant took a timely appeal with this Court. In an unpublished memorandum, this Court denied relief and affirmed the judgment of sentence on July 24, 2012.

On June 11, 2013, Appellant filed the underlying, timely *pro se* PCRA petition,[3] averring the following: (1) trial counsel failed to state at the **Gagnon II** hearing that Appellant "never received written notice of probations;" (2) trial counsel failed to investigate his claim that the "Commonwealth rescinded and closed probation and warrant years ago;" (3) Appellant met trial counsel for the first time ten minutes before the hearing and trial counsel had no grasp of the complexities of the case; (4) in trial counsel's **Anders**[4] brief to the Superior Court on direct appeal, trial counsel referenced documents, including the Chester County District Attorney's "refusal of custody of [Appellant] in May 2009," of which Appellant was not aware; (5) the New Jersey Department of Corrections notified the District Attorney in May of 2009 that Appellant "was available for custody" but "the Commonwealth wanted no custody of" Appellant; and (6) Appellant's right to

---

[3] Appellant's judgment of sentence became final on August 23, 2012, which was the thirty-day deadline for filing a petition for allowance of appeal to the Pennsylvania Supreme Court. **See** 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113(a). Appellant then had until August 23, 2013 to file a PCRA petition under the general one-year filing period. **See** 42 Pa.C.S. § 9545(b)(1). As stated above, the instant petition was timely filed on June 11, 2013.

[4] **Anders v. California**, 386 U.S. 738 (1967).

a speedy hearing was denied. Appellant's Mot. for Post Conviction Collateral Relief, 6/11/13, at 3, 6. We note that trial counsel, P.J. Redmond, Esq., also represented Appellant in the direct appeal, but was granted leave to withdraw pursuant to *Anders*.

The PCRA court appointed counsel to represent Appellant. Counsel then filed a petition for leave to withdraw pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On August 23, 2013, the court issued notice of intent to dismiss the PCRA petition pursuant to Pa.R.Crim.P. 907(1). Appellant filed a *pro se* response, repeating the claims in his PCRA petition. On September 26, 2013, the court entered the underlying order dismissing Appellant's petition. Appellant took this timely appeal and complied with the court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

"This Court examines PCRA appeals 'in the light most favorable to the prevailing party at the PCRA level.' Our 'review is limited to the findings of the PCRA court and the evidence of record[.]'" *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*) (citations omitted). "'To plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act.' Where the petitioner fails to meet any aspect of this test, his claim fails." *Id.* at 30 (citations omitted).

Appellant's first claim on appeal is that trial counsel was ineffective because he met Appellant for the first time ten minutes before the ***Gagnon II*** hearing, counsel did not know the complexities of the case, and "[t]here was no possible way that an effective defense can be established in 10 minutes." Appellant's Brief at 9.

> In response to this claim, the PCRA court opined that Appellant
>
> > fails to evidence how counsel's alleged acts or omissions changed the outcome of this ***Gagnon II*** hearing. The record clearly shows [Appellant] was convicted of four new burglaries in the state of New Jersey in 2005 and 2006 . . . while [he] was on probation in Pennsylvania. The four new burglary convictions provide dispositive evidence that the outcome of the [revocation hearing] would have remained the same.

Notice of Intent to Dismiss PCRA Petition, 8/23/13 ("907 Notice"), at 4 n.1. We agree. Appellant does not dispute that acquiring new criminal convictions was grounds for revocation of his probation, nor does he explain how a purported better-prepared attorney would have overcome a petition to revoke probation. ***See*** 42 Pa.C.S. § 9771(b) ("The court may revoke an order of probation upon proof of the violation of specified conditions of the probation."). Thus, we further agree with the PCRA court that Appellant has not proven prejudice. ***See Henkel***, 90 A.3d at 30; 907 Notice at 4 n.1.

Appellant next avers trial counsel was ineffective because he should have been in possession of Chester County docket entries which clearly state that the Commonwealth rescinded and closed this probation case and warrant in 2006 and 2007. Appellant contends that counsel either hid these

- 5 -

documents from him or "did not show this evidence out of ignorance," and that the documents "would have aided [him] in establishing that it was the Commonwealth's fault, through lack of diligence, when [it] failed to bring" Appellant to court when it was "offered custody by the New Jersey Department of Corrections in May 2009." Appellant's Brief at 9-10. Appellant challenges the PCRA court's opinion that he was released from prison in New Jersey due to an unknown administrative mistake. Instead, he reasons, "[t]he Commonwealth knew that it dropped the [arrest] warrant[ and] that is the reason why [it] had to 'reactivate' the warrant." *Id.* at 14.

In support, Appellant attaches copies of the trial docket, with emphasis on these docket entries:

> 02/14/2006    Do Not Pursue Delinquency
> 05/17/2006    Pursue Delinquency
> 07/13/2006    Bench Warrant (Rescinded-Closed)
>                  Violation of Probation
> 01/29/2007    Do Not Pursue Delinquency
> 12/11/2007    Pursue Delinquency

Appellant's Brief, Ex. D4. He also attaches a copy of his "Inmate Management Progress Notes Report" from the New Jersey prison authorities, and cites two entries dated May 8, 2009:

> Contacted Chester Co., PA's District Attorney's Office . . .
> Spoke with Brian, needs to pull file to find out of [sic] VOP warrant is still active.

\*   \*   \*

Warrant 15-BW-0001515-2008, issued out of Chester Co. was recalled on 1/29/07. Prosecution decided "not to pursue delinquency."

Appellant's Brief, Ex. C-5.

We reject Appellant's claims that the Commonwealth previously closed this violation of probation case and declined to take custody when notified by the New Jersey authorities. Foremost, the premise of Appellant's argument—that the Commonwealth had the authority to terminate any revocation proceedings—is mistaken. Instead, Section 9771(a) of the Sentencing Code provides, "**The court may at any time** terminate continued supervision or lessen or increase the conditions upon which an order of probation has been imposed." 42 Pa.C.S. § 9771(a) (emphasis added). Furthermore, Appellant's argument ignores the fact that a bench warrant in this Commonwealth was issued in July of 2006 and "**was executed** in New Jersey two days later on July 13th, 2006. [Appellant] was serving a sentence at that time." N.T. at 3. A detainer was issued on Appellant, further evidencing the Commonwealth's intention to take custody of him.

Additionally, Appellant fails to persuade this Court that notes or logs in a purported copy of a New Jersey prison report establishes the Commonwealth declined to take custody of him. Additionally, as stated above, whether the Commonwealth took custody of Appellant is not determinative of the court's authority to revoke his probation. **See** 42

Pa.C.S. § 9771(a). For all of the foregoing reasons, all of Appellant's ineffectiveness claims fail. *See Henkel*, 90 A.3d at 30.

Appellant's final issues on appeal are whether the Commonwealth violated his constitutional rights by failing to admit that this "case was closed and warrant dropped [sic] in 2007" and his probation was completed when the Commonwealth "refiled probation violation warrant [sic]." Appellant's Brief at 19. These allegations are distinct from the claims of ineffective assistance of counsel above. Additionally, Appellant cites the constitutional right of a defendant to have compulsory process for obtaining witnesses in his favor, and without further explanation, maintains "this was not he situation in this present case, with the Commonwealth not disclosing pertinent information." Appellant's Brief at 19. We hold all of these issues are waived because they could have been raised on direct appeal. *See* 42 Pa.C.S. § 9544(b).

Finding no merit to Appellant's claims, we affirm the order of the PCRA court dismissing his PCRA petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/6/2014

- 8 -