J-S09015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHRISTOPHER JAMES CARBONE, | |
| Appellant | No. 2810 EDA 2016 |

Appeal from the Judgment of Sentence June 3, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0001037-2010, CP-46-CR-0001479-2010, CP-46-CR-0008198-2010

BEFORE: SHOGAN, STABILE, and PLATT,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED MARCH 29, 2017**

Appellant, Christopher James Carbone, appeals from the judgment of sentence entered following revocation of his probation at three trial court docket numbers. Appellant's counsel has filed a petition seeking to withdraw his representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), which govern a withdrawal from representation on direct appeal. Appellant has not filed a response to counsel's petition. After careful review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

_____

[*]  Retired Senior Judge assigned to the Superior Court.

Appellant had entered negotiated guilty pleas in three cases. At docket 8198-2010, Appellant pled guilty to criminal trespass in violation of 18 Pa.C.S. § 3503(a)(1)(ii).[1] Appellant pled guilty to theft from a motor vehicle in violation of 18 Pa.C.S. § 3934(a) at docket 1479-2010. At docket 1037-2010, Appellant pled guilty to possession of drug paraphernalia in violation of 35 P.S. § 780-113(a)(32). While the Montgomery County Probation and Parole Department supervised Appellant for the associated sentences, Appellant violated the terms of supervision.

At a *Gagnon II*[2] hearing held on March 17, 2015, Appellant stipulated to being in violation and entered an open stipulation on the three criminal dockets. N.T., 3/17/15, at 3-7. An on-the-record colloquy was conducted at that hearing. *Id.*

---

[1] We note that subsections (b.1)(1)(iv) and (b.1)(2) of section 3503, criminal trespass, were recently declared unconstitutional in *Leach v. Commonwealth*, 141 A.3d 426 (Pa. 2016) (holding that 18 Pa.C.S. § 3503(b.1)(1)(iv), (b.1)(2) violates the single-subject rule of Article III, Section 3 of the Pennsylvania Constitution). However, we note the holding in *Leach* does not affect our disposition in the instant case because Appellant was sentenced under subsection (a)(1)(ii).

[2] Due process requires a probationer be given a preliminary ("*Gagnon I*") and a final ("*Gagnon II*") hearing prior to revoking probation. *Commonwealth v. Knoble*, 42 A.3d 976, 978 n.1 (Pa. 2012) (citing *Gagnon v. Scarpelli*, 411 U.S. 778 (1973)). The *Gagnon* decision has become the common moniker for both parole and probation revocation proceedings. *Commonwealth v. Stafford*, 29 A.3d 800, 801 n.1 (Pa. Super. 2011).

On June 3, 2015, Appellant was sentenced at docket 8198-2010 to four to eight years of imprisonment from his commitment date of November 23, 2011. N.T., 6/3/15, at 10. At docket 1479-2010, Appellant was sentenced to two and one-half to five years of imprisonment. *Id.* That sentence was to run concurrently to the sentence at docket 8198-2010 and also from November 23, 2011. *Id.* At docket 1037-2010, Appellant was placed on one year of probation that ran from the date of sentencing. *Id.*

On April 29, 2016, Appellant filed a *pro se* petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546, asserting the ineffectiveness of counsel for failing to file a direct appeal. PCRA counsel was appointed and filed an amended PCRA petition on June 29, 2016, reiterating the claim of counsel's ineffectiveness. On July 26, 2016, the PCRA court entered an order granting Appellant relief and reinstating Appellant's direct appeal rights.

Inexplicably, on August 9, 2016, Appellant's counsel filed a motion to withdraw Appellant's admission of guilt entered at the *Gagnon II* hearing held on March 17, 2015. This post-sentence motion was denied by order dated August 23, 2016, and entered August 24, 2016. Appellant filed a notice of appeal on August 23, 2016. Appellant was directed to file a Pa.R.A.P. 1925(b) statement. Appellant filed an amended notice of appeal on September 2, 2016, which provided as follows:

> Notice is hereby given that [Appellant] hereby appeals to the Superior Court of Pennsylvania from the Order-Sentence/Penalty

- 3 -

Imposed on June 3, 2015. This Amended Notice of Appeal is intended to cure the previous Notice of Appeal filed with the Montgomery County Clerk of Courts Office on August 23, 2016.

Notice of Appeal, 9/2/16, at 1. On September 12, 2016, Appellant filed a Pa.R.A.P. 1925(b) statement. The trial court filed an opinion pursuant to Pa.R.A.P. 1925(a). On December 3, 2016, counsel filed a petition for leave of court to withdraw as appellate counsel and an **Anders** brief in this Court.

Before we address the questions raised on appeal, we must resolve appellate counsel's request to withdraw. **Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal. The procedural mandates are that counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

**Id.** at 1032 (citation omitted).

In this case, counsel has satisfied those directives. Within his petition to withdraw, counsel averred that he conducted a conscientious review of the record and concluded that the present appeal is wholly frivolous. Counsel sent Appellant a copy of the **Anders** brief and petition to withdraw, as well as a letter, a copy of which is attached to the brief. In the letter,

counsel advised Appellant that he could represent himself or that he could retain private counsel to represent him.

We now examine whether the brief satisfies the Supreme Court's dictates in **Santiago**, which provide that:

> in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Cartrette**, 83 A.3d at 1032 (quoting **Santiago**, 978 A.2d at 361).

Counsel's brief is compliant with **Santiago**. It sets forth the factual and procedural history of this case, outlines pertinent case authority, cites to the record, and refers to issues of arguable merit. **Anders** Brief at 4-14. Further, the brief sets forth counsel's conclusion that the appeal is frivolous and the reasons for counsel's conclusion. **Id.**

The issue raised in the **Anders** brief is whether Appellant's **Gagnon II** counsel was ineffective for failing to advise Appellant of the potential range of sentences that could have been imposed. Because the case is before us on direct appeal, however, this issue is not properly before our Court. In **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013), our Supreme Court reiterated the holding from **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), and stated that generally, "claims of ineffective assistance of counsel

- 5 -

are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal." **Holmes**, 79 A.3d at 576. The **Holmes** Court, however, recognized two exceptions to the general rule whereby claims of ineffective assistance of counsel could be raised on direct appeal: (1) where the trial court determines that a claim of ineffectiveness is both meritorious and apparent from the record so that immediate consideration and relief is warranted; or (2) where the trial court finds good cause for unitary review, and the defendant makes a knowing and express waiver of his entitlement to seek PCRA review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the PCRA. **Id.** at 564, 577.

Appellant did not satisfy either of the aforementioned exceptions outlined in **Holmes**. The trial court did not conclude that Appellant's claim of ineffectiveness is meritorious and apparent from the record necessitating immediate consideration, and Appellant has not expressly waived his right to pursue PCRA review. Trial Court Opinion, 10/13/16, at 3-4. Accordingly, we dismiss this claim without prejudice to Appellant's right to seek collateral review under the PCRA.

Counsel's petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/29/2017