J-S09005-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
NELSON GLEN HILL :
:
Appellant : No. 1881 WDA 2017

Appeal from the Judgment of Sentence November 16, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0013829-2014,
CP-02-CR-0014717-2015

BEFORE: PANELLA, P.J., LAZARUS, J., and STRASSBURGER*, J.

MEMORANDUM BY PANELLA, P.J.: FILED AUGUST 16, 2019

Nelson Glen Hill challenges the judgment of sentence entered in the Allegheny County Court of Common Pleas, following revocation proceedings. Appellant contests the discretionary aspects of his sentence, and the revocation court's failure to determine his eligibility for the Recidivism Risk Reduction Incentive ("RRRI") program, 61 Pa.C.S.A. §§ 4501-4512. After careful review, we vacate Appellant's judgment of sentence and remand with instructions.

Briefly, the relevant facts and procedural history of this case are as follows. After splashing lighter fluid throughout his mother's apartment, Appellant attempted to light the carpet on fire with matches. He was

_____

* Retired Senior Judge assigned to the Superior Court.

unsuccessful in his efforts, and was arrested thereafter. Pursuant to a plea agreement at docket number CP-02-CR-0013829-2014, Appellant pled guilty to risking catastrophe.[1] The Commonwealth withdrew all other remaining charges. The court sentenced him to time served, plus a probationary term of three years. Appellant did not file a post-sentence motion or a direct appeal.

While on probation, Appellant was charged with new crimes stemming from an incident where he punched his then-girlfriend, threatened her with a knife, and stole her vehicle. He pled guilty at docket number CP-02-CR-0014717-2015 to simple assault.[2] The court immediately sentenced him to 11½-23 months' incarceration, plus three years' probation. He did not file any post-sentence motions or a direct appeal from this conviction either.

Approximately 16 months later, Appellant was convicted of escaping from his supervised residence. He proceeded to a revocation hearing at both dockets. At the hearing, the Commonwealth referred to the new escape conviction alternately as a probation violation and a parole violation at docket CP-02-CR-0014717-2015. See N.T. Hearing, 11/16/17, at 2-3.

Ultimately, the court stated it was revoking Appellant's probation at both dockets. The court resentenced Appellant at docket CP-02-CR-0013829-2014 to 2½-7 years' incarceration. At docket CP-02-CR-0014717-2015, the court resentenced Appellant to one to two years' incarceration, consecutive with the

_____

[1] 18 Pa.C.S.A. § 3302(b).

[2] 18 Pa.C.S.A. § 2701(a)(1).

revocation sentence imposed at the other docket. Appellant filed a motion for reconsideration, which the court denied. Appellant then filed a timely notice of appeal. This case is now properly before us.

Appellant argues the sentencing court's failure to consider whether he is RRRI-eligible renders his sentence illegal. Though Appellant acknowledges he failed to raise this argument before the sentencing court, he submits that issues pertaining to the legality of sentence cannot be waived. See Appellant's Brief, at 8. The Commonwealth concedes the sentencing court failed to impose a RRRI sentence.

A challenge to the trial court's failure to determine eligibility for RRRI sentencing implicates the legality of a sentence. See Commonwealth v. Robinson, 7 A.3d 868, 870-871 (Pa. Super. 2010). "When reviewing the legality of a sentence, our standard of review is de novo and our scope of review is plenary." Commonwealth v. Melvin, 172 A.3d 14, 19 (Pa. Super. 2017) (citation omitted).

At sentencing, "[t]he court shall determine if the defendant is eligible for a recidivism risk reduction incentive minimum sentence[.]" 42 Pa.C.S.A. § 9756(b.1). An eligible offender is one who "[d]oes not demonstrate a history of present or past violent behavior" and "[h]as not been found guilty of or previously convicted of or adjudicated delinquent for or an attempt or conspiracy to commit a personal injury crime," including simple assault graded higher than a third-degree misdemeanor. 61 Pa.C.S.A. § 4503.

While this would appear to preclude Appellant from eligibility, given his conviction for simple assault graded as a second-degree misdemeanor, the Commonwealth concedes the sentencing court erred in failing to consider RRRI eligibility. See Appellee's Brief, at 20. Further, the Commonwealth correctly notes that it has the power to waive the eligibility requirements under certain circumstances. See Appellant's Brief, at 16 (citing 61 Pa.C.S.A. § 4505(b)). As a result, this Court has held that "where the trial court fails to make a statutorily required determination regarding a defendant's eligibility for an RRRI minimum sentence as required, the sentence is illegal." Robinson, 7 A.3d at 871. Thus, we remand for the resentencing court to ascertain Appellant's RRRI eligibility.

While on remand, we also instruct the court to resolve a discrepancy noted in the record and certified transcripts concerning whether Appellant was on parole or probation at the time of revocation and resentencing at docket number CP-02-CR-0014717-2015. As noted, the Commonwealth referred to Appellant as "on parole and probation" at docket CP-02-CR-0014717-2015. See N.T. Hearing, 11/16/17, at 3. However, the revocation court's authority to punish Appellant for his violations depends on whether he was a parolee or probationer at the time of revocation.

"[T]here is no authority for a parole-revocation court to impose a new penalty. Rather, the only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed, original sentence." Commonwealth v. Kalichak, 943 A.2d 285, 290 (Pa. Super. 2008) (citation

omitted). Conversely, "[u]pon revoking probation, the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing[.]" Commonwealth v. Pasture, 107 A.3d 21, 27 (Pa. 2014) (internal quotations and citation omitted).

And we note this Court has previously held that a parolee's sentence will not continue to run during any period where he absconds. See Commonwealth v. Stafford, 29 A.3d 800, 804 (Pa. Super. 2011) ("[A] person who is an escapee is not entitled to credit for time served as he is obviously not serving his sentence").

According to the record, Appellant committed the acts responsible for his charges at that docket on November 6, 2015. He was caught and incarcerated on November 12, 2015. He then pled guilty to simple assault on March 28, 2016. That same day, the court imposed a sentence of 11½ -23 months' incarceration, with immediate release to Justice Related Support Services ("JRSS"), a diversionary program related to mental health needs. The court also awarded Appellant time credit of 138 days. By this Court's calculation, Appellant's parole should have ended on October 13, 2017 – 23 months after his sentencing date of March 28, 2016, less 138 days of credit time.

That, however, does not include the five months which elapsed while Appellant was a fugitive from justice. According to the certified record, Appellant escaped from the JRSS program on August 1, 2016, and was not apprehended until November 30, 2016. He absconded again on January 5,

2017, before police detained him on February 17, 2017. On June 22, 2017, Appellant was convicted of escape. He was again moved to JRSS on September 26, 2017, before his violation hearing and resentencing on November 16, 2017.

Thus, based on the information in the certified record, it would appear Appellant was a fugitive for over five months. That time cannot be counted toward successful completion of his parole, per our holding in Stafford. Consequently, we order the court on remand to reevaluate Appellant's parolee or probationer status at the time of revocation, and to resentence him accordingly.

Owing to our disposition, we decline to reach Appellant's second issue, involving the discretionary aspects of his revocation sentence. Accordingly, we vacate the judgment of sentence and remand for further proceedings as instructed.

Judgment of sentence vacated. Remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  8/16/19

- 6 -