J-A15044-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TIMOR MITCHELL | : | |
| | : | |
| Appellant | : | No. 3014 EDA 2018 |

Appeal from the Judgment of Sentence Entered August 30, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006210-2015

BEFORE:   BENDER, P.J.E., GANTMAN, P.J.E., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                              **FILED AUGUST 20, 2019**

Appellant, Timor Mitchell, appeals from the judgment of sentence imposed on August 30, 2018, after the trial court vacated two previous illegal violation of probation/parole sentences arising from his conviction for theft from a motor vehicle.[1]  We affirm.

On October 29, 2015, after being found guilty of theft from a motor vehicle, Appellant was sentenced to 11.5 to 23 months' incarceration with immediate parole at his minimum to house arrest and credit for time served. On April 21, 2016, Appellant was released on parole.  On March 13, 2017, the court held a *Gagnon II*[2] hearing and found Appellant in violation of his parole.

---

[1] 18 Pa.C.S. § 3934.

[2] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973) (discussing revocation hearings).

---

*   Retired Senior Judge assigned to the Superior Court.

Instead of recommitting Appellant to serve his back time on the parole violation, the court imposed a new sentence of 3 to 6 months' incarceration plus 18 months' probation. That new sentence was an illegal sentence, because a parole revocation calls for recommitment to serve out the originally imposed sentence, and does not allow for the imposition of a whole new sentence. *See Commonwealth v. Kalichak*, 943 A.2d 285, 290 (Pa. Super. 2008), *Commonwealth v. Stafford*, 29 A.3d 800, 804 (Pa. Super. 2011) (a court "cannot 'extend' a parolee's sentence beyond the original sentence, *i.e.,* lengthen the period of possible incarceration"). After serving 85 days of his new sentence, Appellant was again released on parole on June 6, 2017. Appellant was arrested on October 18, 2017, and charged with receiving stolen property (RSP).[3] On May 9, 2018, the court held a new *Gagnon II* hearing and found Appellant in technical violation of his new sentence, based on non-reporting and not following through with treatment recommendations. The court resentenced Appellant to serve his back time with immediate parole to an inpatient treatment facility plus 18 months' reporting probation; this sentence was also illegal. Appellant was released on May 14, 2018. On August 24, 2018, the municipal court found Appellant not guilty of RSP.

On August 30, 2018, Appellant appeared before the Honorable Giovanni O. Campbell for a hearing. The court vacated its May 9, 2018 sentence as

---

[3] 18 Pa.C.S. § 3925.

well as the previous sentence imposed on March 13, 2017, as it was brought to the court's attention that both of the sentences were illegal. On August 30, 2018, the following order was issued:

> AND NOW, this 30th day of August, 2018, the defendant having been previously convicted in the above captioned case, and the defendant's original probation/parole on this case having been revoked, a new sentence is imposed. The defendant is to pay all applicable violation fees and costs unless otherwise noted below. A new sentence is hereby imposed by this Court as follows:
>
> Count 1- 18 § 3934 §§ A- Theft from a motor vehicle (MI)
> To be confined for a minimum period of 11 month(s) 15 day(s) and a maximum period of 23 month(s) at County prison. The following conditions are imposed: Parole Revoked. Court orders parole revoked on ORIGINAL sentence of 10/29/15 and imposes backtime. (Balance of confinement backtime on ORIGINAL sentence of 10/29/15).
>
> Other: Court grants IMMEDIATE PAROLE on this backtime sentence on condition defendant be transported by sheriff to Gaudenzia Together for Men. 1306 Spring Garden St. Any detainer ordered lifted.
>
> Other: Supervision by Mental Health Unit. Supervision fees waived. Random drug screens, counseling and lifeskills training ordered. Credit for time served. Defendant is to receive credit for all time served in this matter.
>
> Other: Court orders sentences of 3/13/17 and 5/19/18 vacated as illegal sentences.
>
> Back Time- to serve back time. Defendant to serve the balance of confinement back time on original sentence of 10/29/15.

J-A15044-19

8/30/18 Order.[4]  Appellant filed a motion to reconsider the judgment of sentence on September 26, 2018, which was dismissed as untimely on October 9, 2018.  On September 28, 2018, Appellant filed this timely direct appeal.[5]  Appellant presents the following issue for our review:

> Was not the evidence introduced at the revocation hearing insufficient as a matter of law to establish a technical violation of parole, in violation of Appellant's state and federal constitutional right to due process?

Appellant's Brief at 3.  Appellant argues that a revocation hearing was held on August 30, 2018, the trial court found him in violation and "the sole basis for his revocation was an arrest on charges for which he was acquitted at a trial prior to his revocation hearing. . . . the evidence was insufficient to establish any technical violation of parole."  Appellant's Brief at 8-9.

In its opinion, the trial court discusses the August 30, 2018 hearing as follows:

---

[4] The order of August 30, 2018, has a clerical error listing the date of the second illegal sentence as "5/**1**9/2018" instead of 5/**0**9/2018.  To avoid any future confusion, we hereby clarify that the illegal sentence imposed on May 9, 2018, is vacated.

[5] "A motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition.  The filing of a motion to modify sentence will not toll the 30-day appeal period."  **See** Pa.R.Crim.P. 708(e) (regarding violation of parole hearing and disposition).  We note that Appellant's notice of appeal was filed within the 30-day appeal period.  Additionally, we note the trial court did not order and Appellant did not file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.  The trial court entered its opinion on November 27, 2018.

- 4 -

> The March 13, 2017 and May 19, 2018[6] sentences were illegal, where no probationary sentence was originally imposed. Therefore, on August 20, 2018,[7] the Court vacated the illegal sentences of March 13, 2017 and May 19, 2018, and imposed the remaining parole back time on the October 29, 2015 sentence, with immediate parole to an inpatient treatment program.

TCO at 1. The August 30, 2018 hearing transcript is convoluted. Nevertheless, the record makes clear that the court ultimately did not find a new violation of parole. Instead, the court simply vacated the illegal sentences and put Appellant back in the position of his original parole violation by giving him proper credit for the time Appellant had served on those two subsequent illegal sentences. The final sentence imposed in this case was a legal sentence based solely on the original parole violation. The limits of jurisdiction enshrined in statute recognizing the removal of jurisdiction upon appeal and upon the end of the term of court, or the 30-day expansion of that time, do not impinge on time-honored inherent power of courts to correct patent and obvious errors. *Commonwealth v. Holmes*, 933 A.2d 57, 65 (Pa. 2007). The Commonwealth does not dispute that the sentences imposed on March 13, 2017 and May 9, 2018 were illegal. Considering the errors of the sentences were clear from the orders and the docket sheets, the trial court

_____

[6] Again, we note that the date of Appellant's May 2018 sentence at issue is 5/**0**9/2018, not "5/**1**9/2018."

[7] This date is a typographical error, the court is referring to its August **3**0, 2018 hearing.

- 5 -

property exercised its inherent power to correct the mistakes. ***See Holmes***, 933 A.2d at 66. Accordingly, we affirm the order of the trial court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/20/19