J-S33007-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TANIESHA DIAZ | : | |
| | : | |
| Appellant | : | No. 1928 EDA 2020 |

Appeal from the Judgment of Sentence Entered September 14, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002898-2018

BEFORE:  BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY BOWES, J.:                    **FILED NOVEMBER 19, 2021**

Taniesha Diaz appeals from the aggregate judgment of sentence of three to six years of incarceration followed by three years of probation, which the trial court imposed after revoking her parole and probation.  Based upon this Court's recent decision in **Commonwealth v. Simmons**, ___ A.3d ___, 2021 PA Super 166, 2021 WL 3641859 (Pa.Super. Aug. 18, 2021) (*en banc*), we vacate Appellant's judgment of sentence and remand for the trial court to reinstate its April 4, 2019 order of probation and resentence Appellant for her parole violation.

On April 4, 2019, Appellant pled guilty to one count each of burglary and conspiracy in exchange for concurrent sentences of eleven and one-half to twenty-three months of incarceration, with immediate parole to house arrest, followed by three years of probation, at each count.  On January 9, 2020,

while on parole, Appellant tested positive for PCP.  At the ***Gagnon II***[1] hearing, Appellant was found to be in violation of her probation and the order of probation was revoked.   On September 14, 2020, the court imposed concurrent terms of three to six years of incarceration followed by three years of probation at each count.   Appellant filed a motion for reconsideration, seeking a sentence in the mitigated range of the guidelines, specifically a "mental health inpatient sentence," because she has remorse, strong family relationships, and strong ties to the community.  Motion for Re-Consideration of Sentence of VOP, 9/16/20, at 3-4.  Before the trial court ruled on the post-sentence motion, Appellant timely filed the instant appeal.[2]  Both Appellant and the trial court complied with Pa.R.A.P. 1925.[3]

_____

[1] "A ***Gagnon I*** hearing is a pre-revocation hearing to determine if probable cause exists that a violation was committed.  After this determination is made, a ***Gagnon II*** hearing is conducted where the Commonwealth is required to establish that the defendant did violate his parole/probation." ***Commonwealth v. Stafford***, 29 A.3d 800, 802 n.1 (Pa.Super. 2011) (cleaned up) (citing ***Gagnon v. Scarpelli***, 411 U.S. 778 (1973)).  Instantly, Appellant did not order the transcripts of her ***Gagnon*** proceedings for purposes of this appeal.  Accordingly, we rely on the trial court's opinion for the date and disposition of the ***Gagnon II*** hearing.  ***See*** Trial Court Opinion, 12/10/20, at 2 ("On February 5, 2020, a ***Gagnon II*** hearing was held and Appellant was found to be in violation of probation and probation was revoked. A pre-sentence report and mental health evaluation was ordered.").

[2] Pursuant to Pa.R.Crim.P. 708(E), Appellant's filing of a post-sentence motion did not toll the time for filing an appeal, and Appellant timely and properly filed her notice of appeal despite the pendency of the motion.

[3] This Court initially dismissed Appellant's appeal for failure to file a brief, but upon application, reinstated the appeal.

Appellant raises three issues for our review, which are mooted by our application of **Simmons**, as we must first address the legality of Appellant's revocation sentence. **See Simmons**, **supra** at *1 n.3 (noting that challenges to an illegal sentence may be raised by this Court *sua sponte*). As indicated hereinabove, the judgment of sentence from which Appellant has appealed was imposed following the trial court's decision to revoke Appellant's parole and probation. Specifically, Appellant was originally sentenced to eleven and one-half to twenty-three months of incarceration, with a consecutive order of probation to follow the term of incarceration, at each count. The conduct that served as the basis for the revocation, namely Appellant's positive test result for PCP, was committed during Appellant's parole. Since her probationary term was set to commence on April 24, 2021, the trial court revoked the order of probation before the consecutive probationary term had commenced.

We observe that this anticipatory revocation of Appellant's order of probation was permissible at the time the trial court issued its revocation order under longstanding precedent established by this Court. Indeed, for more than four decades, beginning with this Court's decision in **Commonwealth v. Wendowski**, 420 A.2d 628, 630 (Pa.Super. 1980), the law of this Commonwealth was that, for revocation purposes, a term of probation included all time from when probation was granted until the probationary term had been fully served. However, in **Simmons**, **supra**, an *en banc* panel of this Court overruled **Wendowski** and its progeny, holding as follows:

- 3 -

Simply stated, **Wendowsk**i was incorrect in holding that a trial court may anticipatorily revoke an order of probation and in reasoning that "a term of probation may and should be construed for revocation purposes as including the term beginning at the time probation is granted." **Wendowski**, 420 A.2d at 630 (quotations omitted). No statutory authority exists to support this understanding. Rather, the plain language of the relevant statutes provides that: a trial court may only revoke an order of probation "upon proof of the violation of specified conditions of the probation;" the "specified conditions" of an order of probation are attached to, or are a part of, the order of probation; and, when the trial court imposes an "order of probation" consecutively to another term, the entirety of the "order of probation" – including the "specified conditions" – do not begin to commence until the prior term ends.

**Simmons**, **supra** at *10. This Court further explained that, pursuant to **Simmons**, a "trial court lack[s] statutory authority to anticipatorily revoke [a defendant's] probation for an alleged 'technical probation violation' that occurred before [his or her] period of probation began." **Commonwealth v. Reavis**, 1360 EDA 2018, 2021 WL 3668883, at *1 (Pa.Super. Aug. 18, 2021) (*en banc*) (non-precedential decision). A sentence imposed without statutory authority is an illegal sentence. **See**, **e.g.**, **Commonwealth v. Finnecy**, 249 A.3d 903, 912 (Pa. 2021).

Here, Appellant's order of probation was revoked because she violated the special probation conditions applicable to the not-yet-commenced probationary tail of her sentence. However, pursuant to **Simmons**, Appellant was not required to comply with the conditions of probation before she began serving that probationary term, and therefore her noncompliance did not

permit the anticipatory revocation of her order of probation.[4] Therefore, as was the appellant in **Simmons**, Appellant is entitled to relief in the form of having her current judgment of sentence vacated and her April 4, 2019 order of probation reinstated.[5] **See Simmons**, **supra** at *13 (vacating the judgment of sentence and remanding with instructions to reinstate the original order of probation); **Reavis**, **supra** (same).

As a final matter, we note that while the trial court posits in its opinion that it only revoked Appellant's probation, **see** Trial Court Opinion, 12/10/20, at 2 (noting "probation was revoked"), the September 14, 2020 sentencing order states Appellant's "original probation/parole [had] been revoked." Violation of Probation Sentencing, 9/14/20. Insofar as the trial court revoked Appellant's parole and imposed a new sentence, that new sentence was illegal. **See Simmons**, **supra** at *12; **Commonwealth v. Kalichak**, 943 A.2d 285, 290 (Pa.Super. 2008) ("Unlike a probation revocation, a parole revocation does not involve the imposition of a new sentence. Indeed, there is no authority for a parole-revocation court to impose a new penalty. Rather, the only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed, original sentence." (cleaned up)).

---

[4] The author of this memorandum dissented to this aspect of the **Simmons** decision. **See Commonwealth v. Simmons**, ___ A.3d ___, 2021 PA Super 166, 2021 WL 3641859 at *19-24 (Pa.Super. Aug. 18, 2021) (*en banc*) (Bowes, J. concurring and dissenting).

[5] Given this disposition, we do not reach the issues raised by Appellant.

Accordingly, as with the appellant in **Simmons**, "since the trial court revoked Appellant's parole and illegally resentenced Appellant to serve a new term of incarceration, we must also remand for resentencing." **Simmons**, **supra** at *12 (cleaned up).

Judgment of sentence vacated. Case remanded with instructions to reinstate the original order of probation and for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/2021