J-A14018-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                           :            PENNSYLVANIA
                                           :

          v.                          :

                                           :

NYERE GREDIC                        :
                                           :

          Appellant          :    No. 787 EDA 2023

Appeal from the Judgment of Sentence Entered February 17, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No:  CP-51-CR-0002521-2020

BEFORE:  LAZARUS, P.J., STABILE, J., and LANE, J.

MEMORANDUM BY STABILE, J.:          **FILED OCTOBER 25, 2024**

Appellant, Nyere Gredic, appeals from the judgment of sentence entered February 17, 2023 in the Court of Common Pleas of Philadelphia County.  On appeal, Appellant argues that his sentence is illegal.  We agree.  Accordingly, we remand to the trial court for proceedings consistent with this memorandum.

The relevant background can be summarized as follows.  On May 13, 2020, Appellant was arrested and charged with multiple violations of the Uniform Firearms Act ("UFA").  On March 11, 2021, Appellant pled guilty to violating Sections 6105 and 6106 of the UFA.  On the same day, Appellant was sentenced to 23 months' incarceration, with immediate parole, followed by two years of probation.  Appellant also was awarded credit for time served.[1]

---

[1] The record is unclear as to exactly how much time credit Appellant was awarded.  Appellant's Brief at 9, Commonwealth's Brief at 2 n.1.

On October 7, 2021, Appellant missed a mandatory parole meeting. On October 12, 2021, a bench warrant was issued. On October 21, 2021, the trial court held a **_Gagnon_**[2] hearing and determined that Appellant absconded. At the same hearing, the Adult Probation and Parole Department recommended to revoke Appellant's **parole**.

On May 20, 2022, Appellant was arrested in Chester County for a federal firearms violation. He was subsequently convicted of the federal offense on December 21, 2022. Appellant was sentenced to a term of 18 months in a federal penitentiary, followed by three years of supervised release.

On February 17, 2023, the trial court held a **probation** violation hearing due to Appellant's federal conviction. At that time, the trial court found that Appellant violated his **probation** by committing a new crime. The trial court revoked Appellant's **probation** and imposed a new sentence of 2½ - 5 years of incarceration. Appellant filed a post-sentence motion claiming that his revocation sentence was illegal because he was still on **parole** at the time he committed the new offense and had not started serving his probationary term. The trial court denied the motion.

This appeal followed.

> We begin by considering the legality of Appellant's sentence following the revocation of his parole and the anticipatory revocation of his probation, which we may raise _sua sponte_. **_See Commonwealth v. Pi Delta Psi_, _Inc._**, 211 A.3d 875, 889 (Pa. Super. 2019); **_see also Commonwealth v. Wright_**, 116 A.3d 133, 136 (Pa. Super. 2015) (stating that "in an appeal from a

---

[2] **_Gagnon v. Scarpelli_**, 411 U.S. 778 (1973).

sentence imposed after the court has revoked probation, we can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed" (citation omitted)).

"Because the legality of a sentence presents a pure question of a law, our scope of review is plenary, and our standard of review is *de novo*. If no statutory authorization exists for a particular sentence, that sentence is illegal and **must** be vacated." **Pi Delta Psi, Inc.**, 211 A.3d at 889-90 (citations omitted and formatting altered).

**Commonwealth v. Rosario**, 2021 WL 4129781 (Pa. Super. unpublished memorandum September 10, 2021) at *4 (emphasis in the original).

The parties agree that the federal crime was committed while Appellant was on parole and that the trial court did not have the authority to anticipatorily revoke Appellant's probation. Indeed, the parties agree that the earliest expiration of Appellant's parole would have been April 13, 2022, *i.e.*, 23 months from his arrest (May 13, 2020). Appellant's Brief at 8; Commonwealth's Brief at 2. Thus, had Appellant not absconded, the May 22, 2022 arrest would have constituted a violation of the term of his probation.

However, Appellant absconded from parole sometime in September or October 2021. While he was an absconder, Appellant's sentence was tolled. **See**, **e.g.**, **Commonwealth v. Stafford**, 29 A.3d 800, 804 ("a defendant's sentence does not run while he is an absconder and not under supervision") (citation omitted); **Commonwealth v. Ortega**, 995 A.2d 879, 885 (Pa. Super. 2010) ("the courts of this Commonwealth have long rejected the notion that the sentence of an absconder or delinquent parolee continues to run, as

if it were being served, to the point of expiring on its scheduled expiration date") (disapproved on other grounds by **Commonwealth v. Foster**, 214 A.3d 1240 (Pa. 2019)).

Because Appellant was still on parole when the new offense occurred, the trial court lacked the authority to anticipatorily revoke Appellant's probation. **See**, **e.g.**, **Commonwealth v. Rosario**, 294 A.3d 338, 356 (Pa. 2023) ("the anticipatory revocation of a probation sentence that has yet to start is illegal under Pennsylvania law"); **Commonwealth v. Simmons**, 262 A.3d 512, 527-28 (Pa. Super. 2021) (*en banc*) (holding that a trial court may not anticipatorily revoke probation when a defendant commits a violation of his supervision while on parole but before the probationary period has begun).

The trial court acknowledges that **Simmons** is controlling but notes that it "reasonably believed Appellant was in the probationary period of [his sentence] as neither party presented any evidence to the contrary." Trial Court Opinion, 8/3/23, at 4.

The mere fact Appellant did not raise the issue at the revocation hearing or that he raised it only on appeal is of no moment. To this end, we note that the issue raised here involves the legality of a sentence, **see**, **e.g.**, **Rosario**, 294 A.3d 338 n.4; **Simmons**, **supra**, which cannot be waived, **see Simmons**, **supra**, and can be raised *sua sponte* by the court, **see Rosario**, 294 A.3d 342 n.4; **Simmons**, **supra**.

- 4 -

While we appreciate the trial court's position, we are nonetheless constrained to vacate the judgment of sentence and remand for a parole violation hearing.

Judgment of sentence vacated. Case remanded with instructions to reinstate the original order of probation and for a parole violation hearing. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/25/2024