J-S01043-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LANCE ALLEN MOSER JR., | : | |
| | : | |
| Appellant | : | No. 1409 EDA 2019 |

Appeal from the Judgment of Sentence Entered July 25, 2018
in the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0002719-2017

BEFORE:   BOWES, J., KUNSELMAN, J. and STRASSBURGER, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED MAY 4, 2021**

Lance Allen Moser Jr. ("Appellant") appeals *nunc pro tunc* from the July 25, 2018 judgment of sentence of five to twelve months of imprisonment, which the trial court imposed after revoking his probation. Appellant's counsel, Alfred Stirba IV, Esquire, has filed a petition to withdraw pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).   We affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

On May 18, 2017, Appellant pled guilty at the underlying docket number to one count each of disorderly conduct and presenting false identification to a law enforcement officer and was sentenced to one year of probation.   On August 6, 2017, while on probation for the instant case, Appellant was arrested and charged with robbery (serious bodily injury),

_____

* Retired Senior Judge assigned to the Superior Court.

robbery (threat of serious bodily injury), aggravated assault, and institutional vandalism. On February 2, 2018, Appellant pled guilty to simple assault and institutional vandalism. At the **Gagnon II**[1] hearing, Appellant stipulated that the convictions violated the terms of his probation. The court revoked Appellant's probation, and on July 25, 2018, it imposed an aggregate term of five to twelve months of imprisonment. Appellant did not appeal the judgment of sentence.

Acting *pro se*, Appellant filed an untimely motion to modify his sentence and a petition for early parole, which were treated together as a petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. The PCRA court appointed Attorney Stirba, who filed an amended PCRA petition seeking reinstatement of Appellant's direct appeal rights *nunc pro tunc*. The PCRA court granted Appellant's petition to reinstate Appellant's direct appeal rights. On April 29, 2019, this timely-filed appeal followed.

In lieu of a concise statement, Attorney Stirba filed a statement indicating that he intended to file an **Anders** brief and seek to withdraw from representation. **See** Pa.R.A.P. 1925(c)(4). Rather than filing an

---

[1] "A **Gagnon I** hearing is a pre-revocation hearing to determine if probable cause exists that a violation was committed. After this determination is made, a **Gagnon II** hearing is conducted where the Commonwealth is required to establish that the defendant did violate his parole/probation." **Commonwealth v. Stafford**, 29 A.3d 800, 802 n.1 (Pa.Super. 2011) (citation omitted), *citing* **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

opinion pursuant to Pa.R.A.P. 1925(a), the trial court filed an order transmitting the record to this Court and asking this Court to dismiss Appellant's appeal and affirm his judgment of sentence.

In this Court, Attorney Stirba filed a petition to withdraw as counsel and an *Anders* brief. On March 23, 2020, we denied counsel's petition to withdraw, as he failed to file a compliant *Anders* brief. We noted that counsel appeared to raise a challenge to the discretionary aspects of sentencing, but failed to include a Rule 2119(f) statement, and merely presented "arguments that promote affirmance of the trial court's rulings by explaining how [Appellant's] sentence is appropriate." *Commonwealth v. Moser*, ___ A.3d ___, No. 1409 EDA 2019, unpublished memorandum at 4-5 (Pa.Super. filed March 23, 2020). Thus, we ordered counsel to file either an advocate's brief or compliant *Anders* brief. *Id.* (unpublished memorandum at 5).

In a memorandum filed on February 3, 2021, after more than ten months had passed, we again directed Attorney Stirba to file either an advocate's brief or compliant *Anders* brief within twenty days of the filing of the memorandum, *i.e.*, February 23, 2021. We also noted our extreme displeasure with the excessive delay in this case and informed Attorney Stirba that failure to comply with our directives would "result in this matter being referred to the Disciplinary Board of the Supreme Court of

- 3 -

Pennsylvania." ***Commonwealth v. Moser***, \_\_\_ A.3d \_\_\_, No. 1409 EDA 2019, unpublished memorandum at 2 (Pa.Super. filed February 3, 2021).

Despite this Court twice directing counsel to file an ***Anders*** brief and setting forth a specific timeframe within which to comply, Attorney Stirba neglected to file the instant ***Anders*** brief until eighteen days after the allotted timeframe expired. Attorney Stirba did not request an extension or acknowledge the lateness of his ***Anders*** brief. Such a delay is unacceptable and inexcusable. As Attorney Stirba failed to comply in a timely manner with our directives, we would be justified in referring this matter to the Disciplinary Board of the Supreme Court of Pennsylvania. Nonetheless, because counsel ultimately filed an ***Anders*** brief, albeit woefully late, we will continue our review of this matter.

The following principles guide our review.

> Direct appeal counsel seeking to withdraw under ***Anders*** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an ***Anders*** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof . . . .

> ***Anders*** counsel must also provide a copy of the ***Anders*** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

> If counsel does not fulfill the aforesaid technical requirements of ***Anders***, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with ***Anders*** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's

- 4 -

petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous.

*Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa.Super. 2007) (citations omitted).

Our Supreme Court has clarified portions of the *Anders* procedure as follows:

> in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. If counsel has met these obligations, it is then this Court's duty to review the trial court proceedings to determine whether there are any non-frivolous issues that the appellant could raise on appeal. *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa.Super. 2018) (*en banc*).

Based upon our examination of Attorney Stirba's petition to withdraw and *Anders* brief, we conclude that counsel has substantially complied with the technical requirements set forth above. Counsel filed a petition with this Court stating that after reviewing the record, he finds the appeal to be wholly frivolous. Petition to Withdraw as Counsel, 9/4/2019 ¶ 8. In conformance with *Santiago*, counsel's brief includes a summary of the

relevant case history and discusses the issues he believes might arguably support Appellant's appeal. *See Anders* brief at 4-14. Attorney Stirba sets forth his conclusion that the appeal is frivolous and includes citation to relevant authority. *Id*. Finally, Attorney Stirba has attached to his petition to withdraw the letter he sent to Appellant, which enclosed counsel's petition and *Anders* brief. Counsel's letter advised Appellant of his right to proceed *pro se* or with private counsel and to raise any additional issues he deems worthy of this Court's consideration. *See Wrecks*, *supra* at 721; Petition to Withdraw as Counsel Exhibit A, Letter to Appellant, 9/4/2019. Thus, we proceed to an examination of the issues raised in the *Anders* brief to discern if they are frivolous. *See Dempster*, *supra* at 272.

Attorney Stirba prefaces the *Anders* brief by indicating that Appellant failed to inform him of any issues that Appellant would like to raise on appeal. *Anders* brief at 3. Nonetheless, consistent with his professional obligations, counsel sets forth three issues that he believes arguably support an appeal: (1) the factual basis for the trial court's revocation; (2) the legality of Appellant's sentence; and (3) the discretionary aspects of Appellant's sentence. *Id*. at 9-11.

We first consider whether there was a factual basis for the trial court to revoke Appellant's probation. This Court's review of a sentence imposed following the revocation of probation "is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing

- 6 -

court to consider the same sentencing alternatives that it had at the time of the initial sentencing." *Commonwealth v. Perreault*, 930 A.2d 553, 557 (Pa.Super. 2007) (internal citation omitted). "The Commonwealth establishes a probation violation meriting revocation when it shows, by a preponderance of the evidence, that the probationer's conduct violated the terms and conditions of his probation, and that probation has proven an ineffective rehabilitation tool incapable of deterring probationer from future antisocial conduct." *Commonwealth v. Ahmad*, 961 A.2d 884, 888 (Pa.Super. 2008).

> Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion. When assessing whether to revoke probation, the trial court must balance the interests of society in preventing future criminal conduct by the defendant against the possibility of rehabilitating the defendant outside of prison. In order to uphold a revocation of probation, the Commonwealth must show by a preponderance of the evidence that a defendant violated his probation.

*Commonwealth v. Colon*, 102 A.3d 1033, 1041 (Pa.Super. 2014) (quotation marks and citations omitted).

As previously noted, Appellant stipulated to the violations of his probation alleged by the Commonwealth. N.T., 7/25/2018, at 3. Moreover, at the *Gagnon II* hearing, the trial court emphasized that Appellant was convicted of new crimes, which established the probation violation by a preponderance of the evidence. *Id*. at 4; *see Ahmad*, *supra* at 888. Thus, any challenge to the revocation of probation is meritless.

- 7 -

Next, we consider whether Appellant's sentence is illegal. Our standard of review regarding an issue relating to the legality of a sentence is *de novo*, and our scope of review is plenary. ***Commonwealth v. McKown***, 79 A.3d 678, 691 (Pa.Super. 2013).

The revocation of probation places a defendant in the same position that he was in at the time of his original sentencing. ***See Commonwealth v. Wallace***, 870 A.2d 838, 842-43 (Pa. 2005); ***see also*** 42 Pa.C.S. § 9771(b) ("Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing."). While a resentencing court in a probation revocation proceeding does not need to consult the sentencing guidelines, the sentence imposed must not exceed the maximum term for which the defendant could be confined. ***Commonwealth v. Crump***, 995 A.2d 1280, 1285 (Pa.Super. 2010).

In this case, the trial court resentenced Appellant to an aggregate term of five to twelve months of imprisonment. Both disorderly conduct and false identification to a law enforcement officer are second-degree misdemeanors, which carry a maximum sentence of two years of imprisonment. 18 Pa.C.S. § 1104. As twelve months imprisonment does not exceed the two-year statutory maximum on either count, Appellant's sentence is legal and any claim to the contrary is wholly frivolous.

Next, we review whether a discretionary aspects of sentencing claim may arguably support Appellant's appeal. An appellant is not entitled to the

review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:

> (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

**Commonwealth v. Samuel**, 102 A.3d 1001, 1006-07 (Pa.Super. 2014) (some citations omitted).

Here, Appellant timely filed a notice of appeal. However, our review of the certified record reveals that Appellant did not properly preserve this issue at sentencing or by timely filing a post-sentence motion. Accordingly, Appellant has not preserved this issue for our review, and he is not entitled to relief. **See Commonwealth v. Rhoades**, 8 A.3d 912, 915 (Pa.Super. 2010) (stating that a defendant waives for appeal issues challenging the discretionary aspects of his sentence where he does not raise them at sentencing or in a post-sentence motion).

Finally, our independent review of the certified record reveals no non-frivolous issues that Appellant could raise on appeal. **See Dempster**, **supra** at 272. For all of the foregoing reasons, we grant Attorney Stirba's petition to withdraw and affirm Appellant's judgment of sentence.

Petition to withdraw granted.  Judgment of sentence affirmed.

Judge Strassburger did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/04/2021